EASTERN DIST.
February, 1837.

CHIASSON ET AL.
vs.
DUPLANTIER.

---

## CHIASSON ET AL. *vs.* DUPLANTIER.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

It is not proper ground for a direct action of nullity, against a judgment in the court by which it was rendered, that no law is referred to, or reasons adduced in its favor; and that it was rendered against the wife, on contracts entered into conjointly with her husband during marriage. These errors can only be examined on appeal.

But if the wife be not authorized by her husband, or the judge, to appear in court, or stand in judgment, such judgment as may be rendered against her may be annulled by a direct action of nullity.

Where the husband and wife are co-plaintiffs, or co-defendants, the husband's authorization of the wife to appear in court, results from their joining, or being joined, in the same suit, even when he has no other interest than to assist her in asserting her rights.

But where the husband and wife are sued jointly, and she is separated in property, the husband has no right to appear and file an answer for the wife, as attorney, *without her consent.*

This is an action of nullity, to set aside and annul a judgment of the District Court, on various grounds set forth in the opinion of the court, delivered by Judge Bullard.

The plaintiffs allege, that they are the heirs and legal representatives of one Julia Sharp, then wife of William

Maddox, and that Fergus Duplantier, obtained a judgment against her of one thousand nine hundred and eighty dollars, on a contract made while she was a married woman. They as her heirs, (she being dead,) seek to set aside and annul this judgment, by action of nullity.

EASTERN DIST.
*February*, 1837.

CHIASSON ET AL.
*vs.*
DUPLANTIER.

The judgment sought to be annulled, was rendered in May, 1833, and this suit was instituted in September, 1835.

The defendant pleaded a general denial, and that the judgment attacked was *res judicata*.

The district judge sustained the action, so far as the judgment attacked operated against the heirs of the deceased, Mrs. Julia Sharp, and annulled it, as regards her. From this judgment the defendant appealed.

*Edwards*, for the plaintiff, made the following points in this case :

1. A wife cannot appear in court, without the authority of the husband, or of the judge, or confess a judgment, or authorize another to confess for her. She cannot even alienate, *grant, mortgage*, or acquire, unless the husband concurs in the act, or yields his consent in writing. The testimony of the attorney proves, that at the time he was conducting the defence of the suit of *Duplantier* vs. *Maddox and Wife*, and at the time he confessed the judgment for the wife, Julia Sharp, her husband, Maddox, was absent from the state, and that he had no communication with him. *Louisiana Code, article* 123, 124, and 1789. *Code of Practice, article* 118. 4 *Louisiana Reports*, 308. 8 *Martin, N. S.*, 547.

2. The said judgment is a nullity, because the judge assigns no reason, nor refers to any law, in rendering the same. *Constitution of the State of Louisiana, Part.* 4, *section* 12.

3. The court should have permitted plaintiff's counsel to show by parole testimony, that their ancestor, Julia Sharp, signed the contracts upon which the judgment was rendered, and now attacked, as security for her said husband, Maddox. 8 *Martin, N. S.*, 693. 2 *Martin, N. S.*, 39. 5 *Martin, N. S.*, 431.

4. The testimony of the attorney who defended the other suit, was properly received by the court, he having been the person that confessed judgment for the wife, could best prove whether she was authorized or not, according to law.

5. The action to annul a judgment, may be brought at any time, by a person not qualified to defend the suit, *provided* they did not suffer the judgment to be executed against them. *Code of Practice, articles* 606, 612.

*Ives, contra,* contended, that the judgment below should be reversed, and one rendered in favor of the defendant, because the judgment sought to be annulled, had acquired the force of *res judicata.* 7 *Martin, N. S.,* 430–437.

2. It was not necessary, in bringing suit originally against the wife, if her husband was absent, to obtain the authorization of the court. 4 *Louisiana Reports,* 259.

3. But there is no legal evidence in the record to show that the husband was absent when the original judgment was rendered ; or, if absent, that he did not authorize the wife to defend the suit. The husband and wife were joined in the suit, and an attorney appeared for both.

4. When the husband and wife join in bringing a suit, the fact of authorization, by the husband, of the wife to appear in court, is implied. So ought their joining in a defence, to imply his authority. *Lawes, et al.* vs. *Chinn,* 4 *Martin, N. S.,* 388.

5. The judgment attacked in this case, was rendered on the confession of the party, and no reasons or reference to any law were necessary. 2 *Martin, N. S.,* 32.

*Bullard, J.,* delivered the opinion of the court.

This is an action to annul a judgment, recovered by the appellant in 1833, against Julia Sharp, late wife of one Maddox, and the mother of the plaintiffs. The alleged grounds of nullity, are : 1st. That the judgment was rendered against her, without her having been authorized by her husband, or by the judge, to appear in court, or to stand in judgment, as is expressly required by law. 2d. That said

judgment was not rendered on confession, as it purports, the
said Julia Sharp not being authorized to appear in court,
and defend said suit, could not confer any legal power on
the attorney at law to appear and confess judgment; and,
if any such authority was given, it was without the consent
of her husband.    3d. That the court which rendered the
judgment refers to no law, and adduces no reasons.    4th.
That it is null, inasmuch as it was rendered upon contracts
entered into conjointly with her husband, during marriage,
for a debt of the community.

To this the defendant answers by a general denial, and
further pleads the authority of the thing adjudged in a former
suit between the same parties.

The third and fourth alleged nullities do not form proper
grounds for a direct action, to avoid a judgment brought
before the same court by which it was rendered.    They can
be examined only on appeal.    The fourth particularly in-
volves the whole merits of the original suit, as relates to the
liability of the defendant, under the contracts between the
parties.    The only question, therefore, which can be ex-
amined in this case, is, whether the wife was authorized to
appear in defence of the suit, *stare in judicio* ; for if she was,
it is immaterial whether the judgment was entered by con-
sent, on obtaining a stay of execution, or after a full trial
upon the merits; and, if she was not, either by her husband
or the court, the judgment may be annulled.    *Code of
Practice*, 606.

In the original suit, the wife was sued jointly with her
husband, to enforce a contract entered into by both, and the
same attorney at law put in an answer to the merits, in the
name of both.    The husband and wife joined in the defence,
and, on the part of the wife, the validity of the contract was
expressly and formally put in issue.    Subsequently, a
judgment was rendered in favor of the plaintiff, with a stay
of execution, until the 1st of January, 1834, and as is recited
in the judgment, upon the confession of the defendants, by
their attorney.

EASTERN DIST.
*February*, 1837.

CHIASSON ET AL.
*vs.*
DUPLANTIER.

It is not pro-
per ground for a
direct action of
nullity, against a
judgment in the
court by which
it was rendered,
that no law is re-
ferred to, or
reasons adduced
in its favor, and
that it was ren-
dered against
the wife, on con-
tracts entered
into conjointly
with her hus-
band during
marriage. These
errors can only
be examined on
appeal.
But if the wife
be not authoriz-
ed by her hus-
band or the
judge, to appear
in court or stand
in judgment,such
judgment as may
be rendered
against her, may
be annulled by a
direct action of
nullity.

A married woman, not separated from bed and board, is, unquestionably, incapable of contracting, or of appearing as a party in judicial proceedings, without the authorization of her husband, or, in case of his absence or interdiction, that of the judge. · In matters of contract, the concurrence of the husband in the same act or contract, is considered, by necessary implication, as sufficient evidence of authorization to the wife. Whether the same principle applies, in relation to judicial proceedings, when both husband and wife are sued, and join in their defence to the action, we are called on, in this case, to consider and decide. In the case of *Lawes, et al.* vs. *Chinn,* 4 *Martin, N. S.,* 388, this court held, that the husband and wife, being co-plaintiffs, his authorization to her clearly resulted from his joining in the suit, in which he had no other interest than to assist her in asserting her right. In the present case she was co-defendant with her husband, and it is difficult to perceive any difference in principle between the cases. In the first, she became a party by petition ; in the last, by citation and answer. The same attorney, who was authorized by the husband to put in an answer for both, was necessarily empowered to represent the wife. In this case, it is true, the husband, who had bound himself by the same contract, had interests to defend, distinct from those of the wife. But it is also true, that the answer was applicable to both.

*Where the husband and wife are co-plaintiffs or co-defendants, the husband's authorization of the wife to appear in court, results from their joining or being joined in the same suit, even when he has no other interest than to assist her in asserting her rights.*

In France, under a legislation, identical, in this respect with ours, this question has been repeatedly solved by the highest judicial authority. The Court of Cassation has decided, that the husband, who appears as a party (*qui plaide*) jointly with his wife, is, by that alone, presumed to have authorized her ; that, in such a case, it is not necessary the judgment should express, formally, that the wife was authorized ; that, even in a case where the wife has interests distinct from the husband, she will be held to be sufficiently authorized, when she proceeds or does any judicial act jointly with him ; but that the authorization is not implied when both are sued, and the husband makes default, but is confined to the cases where the husband appears.

*Sirey* 8, 1, 526; *Ibid.* 7, 2, 790; *Ibid.* 14, 2, 211; *Ibid.* 28, 1, 208; *Ibid.* 29, 1, 240; *Ibid.* 11, 1, 344.

EASTERN DIST.
*February*, 1837.

The case of Dugat *vs.* Markam et al., 2 Louisiana Reports, 29, which appears to have been relied on, is essentially different from this. The court held, in that case, that the husband had no right to appear and file an answer, as attorney for his wife, *without her consent,* when they are sued jointly, and she is separated in property. In the present case, the wife did consent, and it is expressly shown that the attorney acted under her immediate instructions. We must presume that the attorney had the husband's authority to appear for him in the same suit. That authority appears never to have been disputed by him, and could not be disproved in this case, as he who had alone an interest in contesting it, has acquiesced in the judgment, and is not a party.

The only question is, whether he authorized his wife to appear, and we are of opinion, that by appearing himself, and defending the suit, in which he was co-defendant with his wife, his authorization is sufficiently shown.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and ours is for the defendant, with costs in both courts.