### POLICE JURY OF WEST BATON ROUGE *v.* WILLIAM G. BOZMAN.

Action to recover cost of a side levee, which had become necessary in consequence of the removal back of the levee above by the parish of Pointe Coupée.  *By the Court:* It is to be presumed that the change in the levee would not have been made by the authorities of Pointe Coupée unless the public safety had required it.  It was the duty of the proprietor of the tract below, and of the parish of West Baton Rouge, to accommodate themselves to this change, as much so as if such change had been occasioned by a sudden caving of the banks of the river above.

The discretion in regard to the plan and size of the levees is reposed by law and the regulations of the Police Jury in certain persons, who, in this respect, act in an official capacity.  If, in the exercise of their functions, they should err in regard to the size of the work to be constructed, an application to the Police Jury should be made to correct the error.  But, as a general rule, after the work is done, and the expense incurred, the Supreme Court will not interfere with the discretion of officers who appear to have acted in good faith.

The reasons for the judgment rendered by the District Court were: " This case having been regularly taken up according to assignment, and after the testimony adduced, and argument of counsel, it is ordered," etc.  *By the Court:* This, it is apparent, is as much a reason for rendering a judgment in favor of the defendant as plaintiff, and does not meet the requirements of the Constitution.  Article 72, Constitution.

APPEAL from the District Court, Sixth District, Parish of West Baton Rouge, *Robertson*, J.  *Favrot*, for plaintiff.  *Elmore & King*, for defendant and appellant.

MERRICK, C. J.  This is an action to recover of the defendant the sum of $960 66, the cost of a side levee built by plaintiff upon the land of *Stephen Van Winkle*, of whom defendant is a vendee.

A careful examination of the testimony satisfies us that the District Judge had sufficient proof before him to infer a substantial compliance with the law in the notices, advertisement, estimation of the work and adjudication of the contract.

The levee in question is a side levee, on the lower side of Fausse Riviere, which had become necessary in consequence of the levee above having been removed back some distance by the authorities of the parish of Pointe Coupée.

It is contended in this court that the defendant cannot be made responsible for the damage required by this act of the Police Jury of the parish of Pointe Coupée.  It is intimated that this last mentioned parish ought to bear this expense, and the thirty-seventh article of the police regulations of West Baton Rouge is cited in support of this position.  It is to be presumed that the change in the levee would not have been made by the authorities of Pointe Coupée unless the public safety had required it.

It was the duty of the proprietor of the tract below, and of the parish of West Baton Rouge, to accommodate themselves to the change, as much so as

<div style="float:right"></div>

if such change had been occasioned by the sudden caving of the banks of the river above. This side levee, as it was made, was after all but to unite the front levees, and therefore subject to the same rules as to the charge of the person upon whom it must fall in the first instance. Revised Statutes, 1852, p. 463, sec. 21, p. 508, sec. 5 and 6.

Several witnesses were examined for defendant, who appear to reside in Pointe Coupée, who give it as their opinion that the levee was much larger and stronger, and therefore more expensive than was needed. The discretion in regard to the plan and size of the levees is reposed by law and the regulation of the Police Jury in certain persons who, in this respect act in an official capacity. If, in the exercise of those functions, they should err in regard to the size of the work to be constructed, an application should be made to the Police Jury to correct such error. But as a general rule, after the work is done and the expense is incurred, this court will not interfere with the discretion of officers, who appear to have acted in good faith.

It is further contended, that the judgment of the lower court must be reversed, because given without reasons. The reasons stated are: "This case having been regularly taken up according to assignment, and after the testimony adduced and argument of counsel," it is ordered, etc.

This, it is apparent, is as much a reason for rendering a judgment in favor of the defendant as plaintiff, and does not meet the requirement of the Constitution. Art. 72 of Constitution.

For the reasons here given, it is ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and proceeding to pronounce such judgment as should have been pronounced by the lower court for the reasons aforesaid, it is ordered, adjudged and decreed by the court, that the privilege of the Police Jury of the parish of West Baton Rouge, for the sum of nine hundred and sixty dollars and sixty-six cents, with legal interest thereon from the 11th day of December, 1852, until paid, upon the said tract of land of the said *William G. Bozman, jr.*, in said parish of West Baton Rouge, measuring nine and one-half arpents front on the Mississippi river, by the depth thereto belonging, between parallel lines, bounded above by Fausse Riviere, and below by lands known as the Withersby tract, be recognized; and it is further ordered, that said tract of land be seized and sold to pay and satisfy said sum of money, and interest and costs of copies and costs of the lower court; and it is further ordered, that the plaintiff pay the costs of the appeal.