## LEWIS SELBY *v.* THE LEVEE COMMISSIONERS.

An assessment made under the Act of 1857 cannot be aided by the lien or privilege given by the Act of 1858. The Legislature intended to authorize a specific tax by the Act of 1857, a comparison of which Act with the previous Acts shows that the term " *specifically on each and every acre,*" was used in contradistinction to the *ad valorem* tax of former statutes.

It is not necessary that the voters who elect the Levee Commissioners should be equally assessed.

Equality of taxation and representation, in inferior jurisdictions, is not essential under the Constitution.

A party cannot be relieved from the payment of assessments and taxes on the ground that there might be an outstanding title in some one else ; it is sufficient that he claims and possesses as owner.

Where lands are not benefited by the levees, they are not within the spirit of the Act of 1857, and should not be taxed to meet them.

A judgment rendered without reasons is unconstitutional.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J. *L. Selby,* for plaintiff and appellant. *H. Short,* for defendants.

MERRICK, C. J. The main question in this case has been disposed of in the decision just rendered in the case of *Walace* v. *Shelton et al.* The case presents a few other questions.

I. The assessment was made under the Act of 1857, and it cannot be aided by the lien or privilege given by the Act of 1858.

II. The Tax Collector did not err in seizing the land. The plaintiff, it appears from the testimony, gave him permission to seize the land, and furnished him with the titles to obtain a description of them.

III. The Levee Commissioners did not err in concluding that the Legislature intended to authorize a specific tax by the Act of 1857. A comparison of the Act of 1857 with the previous Acts, shows that the term "specifically on each and every acre," was used in contradistinction to the *ad valorem* tax of the former statutes.

IV. We are not aware of any provision of law which makes it necessary that the voters who elect the Levee Commissioners should all be equally assessed, or that it is necessary that the voters of Catahoula should be excluded because they do not pay an assessment in this district. They are obliged to build levees upon the Red and Ouachita Rivers. The equality of taxation and representation in inferior jurisdictions, does not appear to have been considered essential by the framers of the Constitution of 1852.

V. It is further contended, that a part of the swamp lands upon which the assessment is made, has not been patented, and plaintiff may yet be deprived of the ownership of the same by the Government of the United States. We do not think that a party can be relieved from the payment of assessments and taxes, on the ground that there may be an outstanding title in some one else. It is sufficient that plaintiff claims and possesses as owner.

VI. The Levee Commissioners have not made any assessments upon the region of country West of the Bayou Maçon hills, nor the islands of the Mississippi. The plaintiff demands (in the event that the assessment should be held legal,) that the defendants be ordered to assess taxes on the lands between the Bayou Maçon and Bœuff River, and on the islands in the Mississippi river. But as the levees of the parishes of Carroll and Madison are of no benefit to these lands, they are not within the spirit of the Act of 1857, and we cannot say that the Levee Commissoners have erroneously exempted them from assessment.

VII. It is also objected, that the judgment of the lower court is unconstitutional in this, that it has been rendered without reasons. The objection is well taken.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and it is now ordered, adjudged and decreed, by the court, that the injunction be dissolved and plaintiff's demand be dismissed, the plaintiff paying the costs of the lower court, and the defendants the costs of appeal.

BUCHANAN, J., and COLE, J., took no part in this decision.