## P. GALLOT v. T. McCLUSKEY AND E. REILLY.

Where a suit is brought on an unconditional obligation to pay a specific sum of money, the prayer for a jury, by the defendant, must be made on oath, to the truth of his allegations in the answer.

A judgment by the Court a quo, saying: "When, after hearing pleadings, evidence and counsel, it is ordered, etc," is not a compliance with the requisitions of the Constitution.

All the parties in interest must be parties to the suit, and all the partners must sue to enforce a partnership claim.

A Court does not err in refusing a continuance to obtain the testimony of a co-defendant, when he is interested by being bound in solido.

APPEAL from the Second District Court of New Orleans, *Bermudez,* J. *C. Redmond,* for defendant and appellant.

*Fellows & Mills, for plaintiff.*—This is a suit on contract of lease against Thos. McCluskey and Edward Reilly as his security in solido. There was judgment against both the defendants, and Reilly alone has appealed. The lease is admitted, but the events of the war, causing a stagnation of business, is set up as a defence.

The Court, in its reasons for judgment, effectually answered this defence. A jury was refused, because of want of the necessary allegations and affidavit to warrant one under the provisions of Article 494 C. P., Amendment Acts of 1839, p. 172, ¿ 24.    See 16 La. 258.    3 R. 259.

The testimony of McCluskey for Reilly was clearly inadmissible, being a party bound in solido with his co-defendant, and his testimony fully disproved by the record.    See report of appraisers, Rec. pp. 32 to 34, and the order releasing the property seized.

None of the testimony offered in the trial against McCluskey for showing a vis major, was offered on the trial against Reilly.

The reasons for judgment against McCluskey stated the evidence in his favor much stronger than the record warrants, and yet the Judge à quô found the law, even with the evidence, as stated, against him in every instance.

As to Reilly then, a fortiori, where evidence of this kind was entirely wanting, and he, the security for one against whom judgment was already rendered, judgment should be rendered.

HOWELL, J.    This is a suit on a notarial act of lease from plaintiff and his commercial firm of Demontrond & Co., to McCluskey, as tenant, and E. Reilly his security, in solido.    Judgment was rendered against McCluskey, after which Reilly filed an answer containing general and special defences, and a prayer for a jury.    Upon a trial, the jury disagreed, and they were discharged.    Subsequently, on plaintiff's motion, the prayer for a jury was stricken from the answer, on the ground that the suit, having been brought on an unconditional obligation to pay a specific sum of money, the appellant did not make oath to the truth of the obligations in his answer.    The case was tried by the Court, judgment rendered against Reilly, and he appealed.

I. It is urged by appellant that the Court erred in striking out the prayer for a jury.    We think this is one of the class of cases contemplated by the statute of 20th March, 1839, and that to obtain a trial by jury it was necessary to make oath to the truth of the allegations of the answer.

II. Another ground of complaint is that no reasons are given for the judgment.

All that we find is the entry:  "When, after hearing pleadings, evidence and counsel, it is ordered, etc.," as held in the case of *Police Jury* v. *Bozman*, 11 A. 94, this is as much a reason for judgment in favor of defendant as plaintiff, and is not a compliance with the Constitution.

III. Appellant contends in the next place that as the suit is brought in the name of plaintiff alone, and the lease introduced in evidence is made in the name of his firm as well as his own name, he cannot recover.

It is a well settled principle, that all the parties in interest must be

parties to the suit, and all the partners must sue to enforce a partnership claim. 9 R. 149; 4 A. 179; 3 L. 358.

Plaintiff declared in his individual name, and proved a contract in the name of himself and his firm, without proving a transfer of his firm's interest to himself. He therefore cannot recover upon the evidence; particularly as the extent of his interest is not shown.

IV. The Court did not err in refusing a continuance to obtain the testimony of the other defendant, as he was interested, being bound in solido with appellant.

V. It is not shown that any part of the furniture was removed from the premises, with plaintiff's consent, to appellant's injury. We are to presume the Sheriff has done his duty, as to that portion taken into his official possession.

VI. The appellant contends lastly, that all the evidence taken on the trial between plaintiff and McCluskey, should have been offered with the record on the last trial. This point was not reserved by a bill of exceptions, and is not properly before us. ·

We think justice requires that the case be remanded for a new trial between proper parties.

It is therefore ordered that the judgment appealed from be reversed, and that this case be remanded to be proceeded in according to law, costs of appeal to be paid by plaintiff and appellee.