Mrs. Beatrice Bourgeois Erdal, one of the defendants in the above entitled cause, has appealed from a judgment of the Twenty Fourth Judicial District Court for the Parish of Jefferson which decreed that a certain judgment previously obtained by her against plaintiff, her former husband, is null and enjoined her and Frank J. Clancy, Sheriff of Jefferson Parish, from seizing and selling a parcel of real estate, owned in part by plaintiff, on authority of a writ which was issued under that judgment.
The controversy arises out of the following state of facts: On May 26, 1943, Mrs. Erdal filed suit in the Twenty-Fourth Judicial District Court against her husband, George B. Erdal, for a separation from bed and board and ruled him to show cause why he should not be required to pay alimony for the maintenance and support of her and the three children born of the marriage. This rule for alimony was tried on June 25, 1943, and, on August 14, 1944, judgment was rendered commanding Erdal to pay alimony to his wife in the sum of $20 per week from May 25, 1943. Erdal appealed devolutively from this judgment to the Supreme Court and the matter is still pending there.
On February 23, 1945, Mrs. Erdal filed a rule in the separation suit directing her husband to show cause why judgment should not be rendered fixing the amount of past due alimony to be the sum of $1800. In other words, this rule was instituted for the purpose of determining the sum of the delinquent payments due under the judgment of alimony so that execution could be issued for the whole amount. The rule was returnable on March 12, 1945. On that date, Erdal, who was duly served in person, appeared through his attorneys, McCabe and Choppin, and asked for a continuance of the rule for one week, or until March 19th, on the representation that an agreement of compromise for the alimony in arrears had been reached. Under this agreement, Erdal was to pay $1000 in full settlement of the past due alimony on terms of $500 cash and the balance before the rule would come to trial on the following week. Erdal failed to comply with his obligation under this agreement and his attorneys withdrew from the case on March 15, 1945, having obtained an order of withdrawal from the Court upon said date. Thereafter, on March 19th 1945, the case was called for trial and judgment was rendered in favor of Mrs. Erdal for the sum of $1800 together with legal interest and costs. The judgment shows that Mr. Choppin was present at the trial of the rule, as attorney for Erdal, whereas, in truth and in fact, Mr. Choppin had already withdrawn as counsel. Nothing was done at that time with respect to the execution of the judgment in Mrs. Erdal's favor for $1800 and, on April 24, 1945, Erdal filed suit in the same court against his wife for an absolute divorce on the ground that they had been living separately and apart for more than two years. After a trial of this matter on June 24th 1945, there was judgment rendered in favor of Erdal, and against his wife dissolving the marriage and the community of acquets and gains theretofore existing between them, reserving to each the right to claim the share due him or her.
On July 10, 1945, at the instance of Mrs. Erdal, a writ of fieri facias was issued by the court on the judgment obtained by her for the sum of $1,800. This writ directed the Sheriff for the Parish of Jefferson to seize and sell the interest of Mr. Erdal (an undivided one-half interest) in certain real estate situated on James Street in the Parish of Jefferson. In obedience to the writ, the sheriff seized the property and proceeded to advertise it for sale. However, instead of advertising that he would sell the one-half interest of Erdal in the real estate, as directed by the writ, he gave public notice that he would sell the entire property (which was owned in indivision by Erdal and his former wife).
As soon as the sale was advertised, Erdal brought the instant proceeding against Mrs. Erdal and Sheriff Clancy and attacked the validity of the judgment for $1800 rendered in favor of his former wife on the grounds:
(1) "That although said judgment sets forth that __________ Choppin was present at *Page 379 
the hearing when the rule was taken up and tried, as the attorney for George B. Erdal, the truth is that said Choppin had withdrawn on March 19, 1945, four days prior to the trial on said rule and judgment thereon, as attorney for George B. Erdal, and, as a matter of truth and fact, was not present at the trial of said rule as is represented in said judgment; that George B. Erdal was not personally present, nor was he represented at said hearing, and, as a consequence, judgment was rendered in said matter without a joinder of issue since no default was taken against George B. Erdal previous to the rendition of the judgment," and
(2) "That said judgment is unconstitutional, null and void because it violates Section 1 of Article 7 of the Constitution of the State of Louisiana which provides, 'the judges of the Courts shall refer to the law and adduce the reason on which every definitive judgment is founded.' "
And he further sought to enjoin the seizure and sale by the sheriff on the ground that, whereas the writ of fieri facias ordered the seizure and sale of his one-half interest in and to the real estate, the sheriff had advertised that he intended to sell the entire parcel.
Upon the showing made by plaintiff in his petition, a temporary restraining order was issued and defendants, Mrs. Erdal and Clancy, were ordered to show cause why a preliminary injunction should not be granted in accordance with plaintiff's plea. Mrs. Erdal appeared in due course and resisted plaintiff's demand. Sheriff Clancy, however, did not appear.
After a trial on the rule nisi, the judge, being of the opinion that the judgment for $1800 delinquent alimony obtained by Mrs. Erdal against plaintiff in her suit for separation from bed and board was void for the reasons advanced by plaintiff and that the seizure and advertisement by Sheriff Clancy of the entire property was also unlawful, entered judgment declaring the nullity of the decree in the separation proceedings and enjoined Mrs. Erdal and Sheriff Clancy from proceeding with the sale of the property. Mrs. Erdal has appealed from the adverse decision. Since Sheriff Clancy has not appealed, we are without jurisdiction to disturb the judgment insofar as it affects him.
[1] The first objection of plaintiff to the validity of the alimony judgment for $1800 is that issue was not joined between his wife and himself for the reason that he did not appear at the trial of the rule, either in person or through his attorney, forasmuch as the statement in the judgment that his attorney was present is clearly erroneous.
The judge found that this contention of plaintiff was well taken. We cannot coincide in this view. While there can be no doubt that the notation in the judgment (that Mr. Choppin appeared as attorney for Erdal) is incorrect, it does not follow that issue was not joined on the rule or that it was necessary that a preliminary default be taken in order to join issue. Quite the contrary, issue had been joined on the main demand for separation from bed and board and that was the only issue on which a preliminary default would have been necessary in the event the defendant had failed to appear. The first rule which was filed, wherein the alimony was fixed at $20 per week, was merely an incident to the main demand for a separation and Erdal was before the court at all times after he joined issue with respect to the main demand. After the alimony had been fixed, the rule to make it executory on the ground that Erdal was delinquent in his payments was nothing more than an ancillary proceeding and conformed in all particulars to the recognized practice in this state in such cases. See Snow v. Snow, 188 La. 660, 177 So. 793, which reviews all of the prior jurisprudence, and Cotton v. Wright, 193 La. 520, 190 So. 665, and cases there cited. Erdal was served with notice of the rule to make the delinquent payments of alimony executory and fix that amount in a lump sum. He appeared, through his attorneys, on the return day of the rule and obtained a continuance on the representation to Mrs. Erdal's counsel that he would settle his obligation for $1000. The withdrawal of his counsel, prior to the date to which the rule was continued for trial, did not in any way relieve him from the duty of appearing, either in person or through *Page 380 
other counsel; and the error in the judgment in stating that Mr. Choppin was present is, therefore, inconsequential.
[2] Counsel for plaintiff and the district judge seem to be of the impression that the rule taken by Mrs. Erdal to compute the past due alimony into a lump sum and make it executory was in the nature of a separate suit for a monied demand and, therefore, a default judgment would be necessary in order for the decree to be valid. The jurisprudence does not sustain this notion.
[3] In Snow v. Snow, Cotton v. Wright and other cases, it has been recognized that, since a judgment for alimony is payable at certain periods, it may be difficult, where the husband has failed to discharge his duty in making weekly or monthly payments, to determine the exact amount for which a writ of fieri facias may be issued. Hence, the Supreme Court has indicated that some type of proceeding should be taken in order to compute the delinquent payments into a lump sum as a guide to the clerk and as a basis upon which execution can be issued. The usual course, which was adopted by Mrs. Erdal, is by rule to show cause although the Supreme Court has sanctioned the issuance of a writ of fieri facias for a lump sum even though no rule was previously taken to ascertain the amount of past due alimony. See Edwards v. Perrault, 170 La. 1011,129 So. 619, where the defendant husband admitted on a rule for contempt that there was a balance due on his alimony payments of $2360 and the court held that this was sufficient to authorize the issuance of a writ of fieri facias for that amount. Thus, it is to be observed that no particular form of proceeding is necessary in order to authorize the issuance of a writ of fieri facias for past due alimony payments. The use of the rule to show cause seems to be convenient and efficacious.
The main ground upon which plaintiff asserts that the judgment for $1800 is null is that it is violative of Article 7, Section 1 of the Constitution of 1921 in that the judge failed to refer to the law and adduce the reasons on which judgment is founded. The judgment, after stating the presence of the attorneys for plaintiff and defendant in rule, reads as follows:
"When the Court considering the pleadings and evidence,
"It is ordered, adjudged and decreed, that the rule herein taken be made absolute and accordingly let there be judgment herein in favor of plaintiff in rule, * * * and against defendant in rule, * * * in the full sum of $1800 * * *."
It is maintained by counsel for plaintiff that the judgment is violative of the Constitution because it does not contain the usual recital by the judge that the law and the evidence was in favor of plaintiff in rule and that he did not give any reason, either orally or otherwise, for his decree. In support of this contention, counsel cites the following cases: Gray v. Laferty, 4 Mart. O.S., 463; Selby v. Levee Commissioners, 14 La. Ann. 434; Dorr v. Jouet, 20 La. Ann. 27; Police Jury of West Baton Rouge v. Bozman, 11 La. Ann. 94 and Gallot v. McCluskey Reilly, 18 La. Ann. 259.
[4] In all of the cases relied on by counsel, the court declared that a judgment which had been rendered without reasons is null. Many more cases to the same effect are set forth at length in Volume IV of the Louisiana Digest, § 69, under the title "Judgments" and in West's Louisiana Digest, under Judgment 220, and wherefore, it would seem to follow that, if the judgment under attack is of the type of definitive judgments referred to in the constitutional mandate, it is null and, on an appeal therefrom, it would be set aside. However, we entertain grave doubt that a judgment which merely computes delinquent alimony payments into a lump sum so that execution may issue for a specific amount falls within the class of definitive judgments contemplated by the constitutional provision that " * * * the judges of all courts shall refer to the law and adduce the reasons on which every definitive judgment is founded * * *." This mandate, we think, was intended to have reference only to cases where the judge decides or adjudicates a real controversy or claim and not to a rule, such as the one taken by Mrs. Erdal, which had for its sole purpose judicial sanction for the issuance of a writ *Page 381 
of fieri facias for alimony payments, previously ordered, which were past due and exigible.
[5] But, aside from this, even if it be conceded that the judge violated the constitution in failing to state the reasons supporting the judgment on the rule, the nullity resulting therefrom is not absolute and cannot be assailed in an action such as this. Plaintiff's remedy was to have the defect corrected on appeal according to the jurisprudence.
In Chiasson v. Duplantier, 10 La. 570, plaintiffs brought suit, as heirs and legal representatives of the judgment debtor of the defendant, to annul the judgment in defendant's favor on the ground that the judge, in rendering the judgment, referred to no law and adduced no reasons whatever in its favor. The court refused to sustain the action of nullity on this ground, stating that this error could be examined only on appeal.
[6] Thus, it is clear that, while the cases relied on by plaintiff hold that a judgment which fails to give reasons therefor is void, the court has not considered such nullity absolute or that the judgment, once rendered, could be considered as null unless an appeal is prosecuted therefrom to have it so declared. Because of this and for the further reason that we do not consider that the judgment under attack was one which falls within the purview of the constitutional requirement, we hold that the judge of the lower court was in error in declaring it to be a nullity and of no force and effect.
[7] While we find that the judgment is valid and enforceable, we are of the opinion that the judge of the district court was correct in enjoining Mrs. Erdal and Sheriff Clancy from seizing and selling the real estate owned by Mr. and Mrs. Erdal in indivision. The writ of fieri facias ordered the sheriff to seize and sell the undivided one-half interest of plaintiff in and to the real estate situated on James Street. Despite this, the sheriff seized and was advertising for sale the entire property. It suffices to say that the seizure was not in accordance with law and, therefore, it was properly enjoined.
For the reasons assigned, the judgment appealed from is reversed, insofar as it sets aside, as null, the judgment rendered on March 19, 1945, in favor of Mrs. Beatrice Bourgeois and against George B. Erdal for the sum of $1800 in the proceedings entitled "Mrs. Beatrice Bourgeois, wife of George B. Erdal v. George B. Erdal" No. 16,404 of the docket of the TwentyFourth Judicial District Court for the Parish of Jefferson, and it is now decreed that said judgment is valid and executory. In all other respects, the judgment appealed from is affirmed.
The costs of this appeal are to be paid by plaintiff and appellee.
Reversed in part.
Affirmed in part.