O’NIELL, Chief Justice.
 

 This is a divorce suit in which the only question is whether the wife is entitled to alimony, and if so how much. The husband obtained the divorce on the ground that he and his wife had been living separate and apart for four years or more. The judgment was rendered at a time when Act No. 31 of 1932 was in force. The statute granted to either party to a marriage the right to obtain a divorce on the ground that the parties had been living separate and apart continuously for a period of four years or more. The period of separation theretofore required, by Act No. 269 of 1916, was seven years. By Act No. 430 of 1938 the period was reduced to two years.
 

 In the judgment of divorce the wife was allowed alimony at the rate of $40 a month, on the finding that she was not at fault in the causes for the separation. , The husband appealed from the judgment allowing the wife alimony. She answered the appeal and asked for an increase of the alimony; but her attorney conceded in his argument of the case that she would be satisfied with an affirmance of the judg
 
 *729
 
 ment. She did not appeal from the judgment of divorce.
 

 According to article 160 of the Civil Code, before the article was amended, a divorced woman was not entitled to alimony if the husband obtained the judgment of divorce against her. When the article was written originally the law did not allow a divorce on the ground merely that the parties to the marriage had been living separate and apart for a specified time,— or for a cause which did not convey necessarily the implication that the party against whom the judgment was rendered was at 'fault. By Act No. 27 of the Second Extra Session of 1934, this article of the Code was amended so as to provide that in cases where a man obtains a divorce on the ground merely that he and his wife have been living separate and apart for a certain specified time, “and the wife has not been at fault”, the court in its discretion may allow her alimony - at a rate which shall not exceed a third of the husband’s income.
 

 We concur in the finding of the judge who tried the case that the evidence sustains the wife’s plea that she was not at fault in the domestic quarrels which ended in the separation. Her husband neglected her and finally abandoned her for another woman. The wife resented the insult, of course, and complained and quarreled about it; but that was only the natural and inescapable consequence of a man’s deserting his wife for another woman and flaunting his infidelity as the husband flaunted his in this instance. We agree that the wife in this case was not “at fault”, in the meaning of the statute, for resenting and complaining of being neglected by her husband. The judge, therefore, had the right, in his discretion, to allow the wife alimony at a rate not exceeding a third of the husband’s income.
 

 We find it impossible, though, on account of the length of time that has elapsed since the case was tried, to determine, with any degree of intelligence, the amount of alimony which the wife should receive, or whether she is entitled now to continue to receive alimony. The case was heard and the judgment rendered on February 28, 1938, and the payments of the alimony were ordered to commence on March 1,1938. The husband immediately took what he called a suspensive appeal on a bond which the judge fixed at $600, assuming that the case would be advanced to the summary docket of the supreme court and be disposed of in a very short time. That is what would have occurred but for the fact that the attorney who represented the wife in the trial of the case died soon after the husband took the appeal. Another attorney was substituted as attorney for the wife, but not until January 13, this year. He immediately had the case assigned for argument; but the untimely death of the attorney who tried the case for the wife had caused already an unreasonable delay in the hearing of the case on appeal. It is said that the husband has not paid any alimony since he took his appeal. If that is true, and if we should affirm the judgment, the accumulation of past-due installments now would amount to more than $1,500. The lawmakers never
 
 *731
 
 intended that alimony should be paid in a large lump sum, or otherwise than in installments of- such amounts and of such frequency as she needs the money. In a very recent case, Fortier v. Gelpi, 195 La. 449, loc. cit. 455, 197 So. 138, loc. cit. 140, the court said that the alimony which a judge may award to a divorced woman under the provisions of article 160 of the Civil Code, as amended by Act No. 27 of the Second Extra Session of 1934, when the judgment of divorce has been rendered against her without any fault on her part, is a gratuity, in the nature of a pension, and may be reduced or even stopped at any time according to her needs and her ex-husband’s ability to pay. The only evidence that we have on the subject of the defendant’s needing alimony, or of the plaintiff’s ability to pay, is the testimony which was heard more than three years ago; which gives little or no information now. We have concluded, therefore, to remand the case to the civil district court, for the judge to hear evidence on the present financial condition of both the plaintiff and the defendant.
 

 The judgment appealed from is set aside and the case is ordered remanded to the civil district court for the judge to hear evidence on the subject of the defendant’s need of financial support at this time, and on the subject of the plaintiff’s ability to pay alimony, and for the judge then to determine in his discretion the matter of the defendant’s demand for alimony. The plaintiff, appellant, is to pay the costs already incurred. The costs to be incurred hereafter shall abide the final disposition of the case.