*942
 
 McCALEB, Justice.
 

 By a final judgment oí divorce of the Eleventh Judicial District Court rendered ■on April 17, 1943, Virdie Stockton Williams was awarded the custody of the minor child, Olaflynn Williams, and his father, Emmett 'C. Williams, ordered to pay alimony in the sum of $15 per week for the support of the child. On June 4, 1946, Mrs. Williams filed a rule in the divorce proceedings alleging that her former husband was in arrears in the payments of alimony since December 3, 1945, or for a period of 27 weeks and praying that, therefore, he be adjudged guilty of contempt of court; that the amount of past due alimony be fixed at the sum of $405 and that the court grant execution for that amount. An order to show cause was issued and, upon the return day, Williams resisted the rule on the ground that his former wife was attempting to obtain a monied judgment by summary process.
 

 After a hearing, the rule was dismissed insofar as it sought to hold Williams for contempt but it was maintained with respect to his delinquency in alimony payments, the court holding that he had been in arrears for a period of 27 weeks. However, the court decreed the amount due under the judgment to be $10 per week instead of $15 per week and ordered that the arrears in alimony be made executory to the extent of $270. Williams has appealed from the judgment and Mrs. Williams has answered, praying that the decree be amended by increasing the amount of past-due alimony under the judgment to $405.
 

 It is readily conceded by counsel for Williams that their client was in arrears in his alimony payments for a period of 27 weeks at the time the rule to make the judgment executory was sued out. They contend, however, that the judgment ordering the delinquent payments computed into a lump sum and made executory is violative of the Code of Practice because such order is the rendition of a monied judgment which is obtainable only by ordinary process.
 

 Counsel are mistaken in their conception of the nature of the proceeding ■taken by Mrs. Williams. She was not attempting to obtain a monied judgment — that judgment, i.e., for alimony, was already in existence, having been rendered as an incident to the divorce proceeding. The use of the rule to make the delinquent payments executory was conformable to a method of practice which has been sanctioned by our courts in numerous cases. See Snow v. Snow, 188 La. 660, 177 So. 793 (where all of the prior jurisprudence on this question is reviewed); Cotton v. Wright, 193 La. 520, 190 So. 665, and the recent case of Erdal v. Erdal, La.App., 26 So.2d 377, where a similar question was raised by the defendant husband.
 

 The rationale of the above cited authorities is that, since a judgment for alimony is payable at fixed periods, it may be difficult, in cases where the husband has failed
 
 *944
 
 to discharge his full duty and has made irregular payments, to determine the exact amount for which a writ of fieri facias may be issued. Hence, the court has indicated that a rule, similar to the one in the instant case, is proper in order that the delinquent payments may be computed into a lump sum as a guide to the Clerk and as a basis upon which execution can be issued.
 

 In Edwards v. Perrault, 170 La. 1011, 129 So. 619, it was found that the issuance of a rule was not compulsory where the defendant husband had admitted the amount of the balance due in a contempt proceeding. However, as observed in Erdal v. Erdal, supra [26 So.2d 380], “The use of the rule to show cause seems to be convenient and efficacious.”
 

 While we are of the opinion that the judge was correct in making the judgment executory, we believe that he erred in holding that the total amount was $270 instead of $405, as claimed by Mrs. Williams. The amount of alimony awarded Mrs. Williams for the support of the child was $15 per week. In making the sum of $270 executory, despite the fact that Williams was in arrears for 27 weeks, the judge actually reduced the accrued alimony from $15 to $10 per week. That he was without authority to make a reduction in the rate of past-due alimony, which had accumulated since the judgment was rendered, is firmly established in the jurisprudence. Snow v. Snow and Cotton v. Wright, supra.
 
 [1]
 
 It follows that the judgment must be amended so as to disallow the reduction.
 

 The judgment appealed from is amended by increasing the amount of alimony for which Emmett C. Williams is found to be in arrears to the sum of $405 and said amount is decreed to be executory. In all other respects, the judgment appealed from is affirmed.
 

 [1]
 

 A judgment for alimony, aa to the amount which has become past-due since the rendition of the judgment, is protected by the provision of Article
 
 548
 
 of the Code of Practice that “A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge cannot alter the same, except in the mode provided by law.” For complete discussion see Snow vs. Snow, distinguishing Gallant vs. Gallant,
 
 154 Miss.
 
 832, 323 So. 883.