46 So.2d 902 (1950)
217 La. 563
WAINWRIGHT
v.
WAINWRIGHT.
No. 39337.
Supreme Court of Louisiana.
April 24, 1950.
Rehearing Denied May 29, 1950.
*903 K. Hundley, Alexandria, for defendant-appellant.
Gist, Thornton & Murchison, Alexandria, for plaintiff-appellee.
LE BLANC, Justice.
In this case it is shown that on December 18, 1936, plaintiff, Lucille Thompson Wainwright, obtained a judgment of absolute divorce from her husband, Irving D. Wainwright. There was an agreement regarding alimony and the custody of four minor children, issue of their marriage, and based on that agreement the decree awarded custody of the children to the wife and fixed the alimony at $75.00 per month.
Between the date of the judgment and the month of February, 1944, plaintiff appeared in the district court on two different occasions to complain about her husband's failure to pay her the alimony decreed in her favor. On the first occasion he evidently complied with the rule but on the second he answered asking for a reduction in the amount because, he alleged, there was only one child who was still a minor and needed assistance, and moreover, his wife was then employed at a salary of $100.00 a month. He alleged further that because of changes that had taken place in economic conditions his business had suffered and he was no longer able to pay $75.00 a month. He asked that alimony be reduced to $25.00 a month. On March 22, 1944, there was judgment reducing it to $50.00 per month.
On April 5, 1948 the wife instituted another proceeding to have the amount of alimony increased to $75.00 a month for the reason that, as stated, her health had failed and she had been advised by her doctor to take a complete rest. In a separate petition she alleged that no alimony had been paid to her since June 15, 1945 and therefore the defendant was indebted unto her in the full amount of $1650.00. At the same time she made the Pineville Branch of the Guaranty Bank & Trust Company of Alexandria, Louisiana, garnishee and upon learning from the garnishee's answer to the interrogatories served on it that the defendant had very substantial deposits in his personal and business accounts, she filed a supplemental petition in which she asked that alimony be increased to $200.00 a month and that she recover attorney's fees in the sum of $300.00 from the defendant.
To this last petition and the supplemental petition defendant filed an exception of no cause and no right of action and with reservation thereof he answered denying that plaintiff is in need of any alimony; that she has at all times since the judgment of divorce been and is now employed; that she has no one dependent on her for support; that she has had and yet has pleasant employment in hotels where she lives and has all of the comforts and even the luxuries of hotel life.
Further answering the defendant avers that at the time he stopped paying alimony of $50.00 per month as fixed by the judgment of Court, he had been in an airplane accident and suffered such serious injuries that for several months his life was despaired of; that he expended much of his assets for doctors, nurses, drugs and other miscellaneous services and has had to turn over his business largely to his associates with the result that his income therefrom has been small. He further alleges that in his business of buying and selling automobiles, it is necessary to have considerable funds as it is a cash business, and therefore he is indebted unto banks for a considerable portion of the cash shown on deposit at the time of the garnishment taken out by plaintiff. These obligations, as well as his obligation to support his present wife and child and to contribute to the support of his aged mother, require all of his available income from his business and he is unable to pay plaintiff any alimony even if she needed the same.
Within a few days of the filing of this answer, plaintiff filed a supplemental petition in which she averred that she had *904 made an error in calculating the amount of back due alimony and that instead of defendant being in arrears since June 15, 1945, in reality the arrearages dated back to June 15, 1944 making him owe $600.00 more than she had demanded but as he had paid the sum of $200.00 since she had filed her original petition, the correct balance he owes her is the sum of $1900.00. (Evidently there is a mathematical error here as $1650.00 plus $400.00 is $2050.00not $1900 as prayed for.)
On the issues as thus made up the matter was tried in the district court where there was judgment in favor of plaintiff increasing the amount of alimony to be paid by defendant from $50.00 to $125.00 per month and also in her favor and against the garnishee, Pineville Branch of the Guaranty Bank & Trust Company in the sum of $1650.00 representing the demand for accumulated alimony. The judgment further awarded her the sum of $200.00 as attorney's fees. The defendant has appealed and plaintiff has answered the appeal asking that the amount of back alimony be increased to the amount demanded by her and that the award for future alimony be increased from the sum of $125.00 to the sum of $200.00 per month.
The exception of no cause or right of action was never formally presented to the trial judge. It is noted in the transcript of testimony that a similar exception was urged to the supplemental petition and it was referred to the merits. None of them was directly passed on in the lower Court and as they are not discussed in this Court we conclude that they have been abandoned.
The issues in the case are largely controlled by Article 160 of the Revised Civil Code, the pertinent provisions of which are as follows:
"If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; * * *.
"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."
The wife in this case has not remarried so we are left only with the question as to the sufficiency of her means for maintenance and of the necessity for the alimony. The amount, as indicated in the article of the Code, is left to the discretion of the Court and in no event can it exceed one-third of the income of the husband. The demand for the amount of accumulated alimony presents another issue in the case which will be treated and considered separately.
At the time the present proceeding was tried in the district court, plaintiff was employed as housekeeper by the William Len Hotel in Memphis, Tennessee. She received a monthly salary of $110.00 and was given board and a room to live in. She had held similar positions in other hotels before, being employed at one time by the Bentley Hotel in her home city of Alexandria, Louisiana. She left that employment however because she was then suffering with bronchial asthma and wanted to change climate. She went to Florida where her health did not improve and then went to her employment in Memphis where she is under treatment most of the time. In December, 1947, Dr. John J. Sohm was called to visit her at the hotel and on examination he found that she had acute bronchitis with bronchial asthma and was running a temperature of around 101 degrees. He treated her and later gave her an x-ray examination of the chest which showed no involvement of lung tissue. She still had asthmatic wheezing however and this condition continued until May, 1948 when he saw her again and then recommended that she take a rest from work and have medical examination from time to time and also medical treatments.
Dr. M. B. Pearce of Alexandria who has known the plaintiff and treated her family for fifteen years examined her on May 13, 1948, the day before the trial of this proceeding in the lower Court, and found that she had severe chronic asthma, with asthmatic bronchitis and ran a low grade fever. Because of the recurrent attacks which she had and a persistent cough, he *905 was of the opinion that she cannot hold any type of job regularly.
Dr. O. B. Owens of Pineville, Louisiana, testified as an expert on behalf of defendant. He also has known plaintiff and treated her for a number of years and had examined her the day before the trial. On his findings he diagnosed a condition of bronchitis or bronchial asthma, and whilst he found it difficult to formulate a definite opinion regarding her disability to follow any ordinary line of work women of her age are qualified for, he did state that when the attacks of asthma are present, she is completely disabled.
From that testimony which is not contradicted, the district judge concluded that from the standpoint of her health, plaintiff is unable to work and earn a living. She has no other means for her maintenance and therefore she is still entitled to alimony. Whether she is entitled to the increase allowed her by the district judge depends on the present means and income of the defendant.
On this point the testimony seems to be in favor of the increased award. Whilst it is true that defendant sustained severe injuries in an airplane accident in June, 1944 and was incapacitated for about a year, his business of automobile sales and service was carried on apparently without any losses and afterwards it appears to have prospered very well, all as is reflected by his auditor's report for the eighteen months from January 1, 1947 to June 30, 1948 which is filed in the record. For the first twelve of these eighteen months, that is from January 1, 1947 to December 31, 1947, the net profit was $29,574.30 and for the following six months, $4022.84. His share in the distribution of the profits amounted to $11,869.52. The substantial balances found in the Guaranty Bank & Trust Company when the garnishment was taken out affords convincing proof that defendant's business has been successful and prosperous to the extent that out of his earnings he can, in addition to his other obligations, pay plaintiff alimony in the sum of $125.00 per month as decreed in the judgment of the district court. On this point the judgment is correct and will be affirmed.
We have now to consider the demand of the plaintiff for accumulated alimony. This claim is resisted on the ground that plaintiff was not in necessitous circumstances and therefore the amount of alimony should not be allowed to accrue, and further that since she had not made demand as she needed it, it had been waived and cannot now be awarded in a lump sum.
The question of a wife's right to assert a claim for past due alimony has been presented to the Court on different occasions within recent years and it seems to have been definitely held that a judgment for alimony as to the amount that has become past due is a judgment that is protected the same as any other judgment under the provisions of Article 548 of the Code of Practice. It becomes the property of the one in whose favor it has been given and cannot be annulled or amended except by the method and for the causes prescribed by law. See Snow v. Snow, 188 La. 660, 177 So. 793; Wiliams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89.
To support the contention that defendant should not be made to pay alimony in a large lump sum, his counsel relies on certain statements contained in the opinion in the case of Scott v. Scott, 197 La. 726, 2 So.2d 193, 194. In that case however, the judgment of the lower court decreeing alimony to the wife had never become final because a suspensive appeal had been taken at once and the past due alimony had accumulated while the appeal was pending in this court. There were delays caused by some unfortunate circumstances which are related in the opinion which may have prompted a distinction to be made between that case and the decision in Snow v. Snow, supra, although no reference is made to Snow v. Snow in the opinion. However, in view of the statement on which counsel apparently relies with great confidence that "the lawmakers never intended that alimony should be paid in a large lump sum, *906 or otherwise than in installments of such amounts and of such frequency as she (the wife) needs the money" we feel compelled to note the inconsistency in that statement with the ruling in Snow v. Snow, supra, as affirmed in the two more recent cases of Williams v. Williams and Gehrkin v. Gehrkin, supra, and if it was thereby intended to state what the law is on the subject, we now hold it to be in conflict with the prior and subsequent jurisprudence of the Court and do not now choose to follow it.
We think that the recent decision in the case of Gehrkin v. Gehrkin, supra, is controlling in this case. The amount of accrued alimony cannot be changed by claiming that alimony was not due when no suit was brought to be discharged from payment or to have the amount reduced. Article 232 of the Revised Civil Code provides the form of relief for such cases. Article 160 of the Code, which also provides for the revocation of alimony should there be a change in conditions subsequent to the award, undoubtedly contemplates that this can be done only on an order or judgment of court after a hearing has been held.
The district judge therefore was correct in allowing plaintiff past due alimony but we believe that he erred in not giving the defendant credit in the sum of $200.00 which admittedly had been remitted. We have considered plaintiff's answer to the appeal in which she asks for an increase in the amount of accumulated alimony in the sum of $600.00 as set out in one of her supplemental petitions but find that she has not supported that part of her demand with sufficient proof. It is observed that the district judge made no comment on that demand in his written reasons for judgment nor did he take any action on it.
With regard to the demand and award for attorney's fees we know of no law and have been referred to none which provides for such fees in a case of this kind. In this respect, the judgment will have to be reversed.
For the reasons assigned it is therefore ordered that the judgment appealed from be affirmed in so far as it fixes the amount of future alimony at the sum of $125.00 per month; that it be amended by reducing the amount of past due alimony from the sum of $1650.00 to the sum of $1450.00 and that with respect to the amount allowed for attorney's fees in the sum of $200.00 it be reversed and set aside and that this demand be now rejected.
HAMITER, J., concurs in part and dissents in part assigning written reasons.
HAMITER, Justice (concurring in part and dissenting in part).
As to the increase ordered in the monthly alimony award I agree that the evidence in the record does not disclose an abuse of the trial judge's discretion. Also, I concur in the view that the claim for attorney's fees cannot be allowed.
In my opinion, however, the judgment is erroneous insofar as it condemns defendant to pay the alleged accumulated alimony. Civil Code Article 160 provides for an allowance of alimony to a wife on divorce only in the event that she "has not sufficient means for her maintenance." The fact that this plaintiff did not protest defendant's failure to satisfy the monthly payments during the period for which she claims the accumulation creates the presumption (it has not been rebutted) that she was not then in need of financial assistance, and it constitutes a waiver of such benefits.