155 So.2d 768 (1963)
Anna Marjorie DUPUIS, Plaintiff and Appellant,
v.
Taddy PATIN, Defendant and Appellee.
No. 901.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
Rehearing Denied September 3, 1963.
*770 Harold L. Savoie, Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, Judges.
CULPEPPER, Judge.
The plaintiff, Mrs. Anna Marjorie Dupuis, filed this rule on October 11, 1961 against her former husband, Taddy Patin, to show cause why she should not obtain an executory judgment against him for the sum of $3,488.40, representing unpaid alimony from September 1, 1958 to September 31, 1961. The defendant answered, alleging that plaintiff voluntarily acquiesced in the reduction of the alimony payments from $176.90 per month to $90 per month and later to $60 per month and that she is thereby now estopped to claim the past due alimony. Defendant also alleged that plaintiff remarried within a few months after rendition on October 26, 1956 of the divorce decree in which the permanent alimony judgment was signed. In his answer, defendant prayed that plaintiff's demands be dismissed and that the original alimony judgment be reduced to the sum of $60 per month. After trial on the merits, the district judge rejected plaintiff's demand for a judgment for past due alimony. The lower court did not pass on defendant's request that the amount of the alimony be reduced to $60 per month. From this judgment plaintiff appeals. Defendant did not answer the appeal.
The issues presented on appeal are: (1) Is the permanent alimony judgment of October 26, 1956 void for lack of jurisdiction in personam; (2) Is the plaintiff wife estopped from obtaining executory judgment for the past due alimony.
As regards the issue of jurisdiction, the facts show that on September 5, 1956 the plaintiff wife filed suit in Lafayette Parish for divorce on the grounds of two years separation, for custody of the three minor children and for alimony in the sum of $176.90 per month for support of herself and said children. The petition in said suit alleged that plaintiff and defendant were married in Petersburg, Virginia in April of 1941 and that thereafter the matrimonial domicile was established in Lafayette Parish, where it had since remained; that the defendant husband was an absentee from the State of Louisiana, serving with the Armed Forces overseas. A curator ad hoc was appointed to represent the absent defendant. The curator mailed a copy of the petition to the defendant who received same in Germany. Receiving no response from defendant, the curator filed a general denial and the matter was heard by the court and judgment rendered as prayed for on October 26, 1956.
Citing Baker v. Jewell, 114 La. 726, 38 So. 532, and Broussard v. Domingue, La.App., 146 So.2d 445, for the well established proposition that an alimony decree is a personal judgment which cannot be rendered against a nonresident not personally served or appearing, defendant argues that in the proceedings in which the alimony decree was obtained the plaintiff had the burden of showing that defendant was a resident of Lafayette Parish, Louisiana, and that in the absence of any such showing the alimony judgment is null.
In answer to this argument we note at the outset that defendant has not filed a direct action in the trial court to annul the judgment in conformance with the procedure set forth in LSA-C.C.P. art. 2001 et seq. Instead, he contends in his brief filed in this Court of Appeal that we should ignore the judgment because it is absolutely void for defects patent on the face of the proceedings. This is in the nature of a collateral attack on a judgment. (See 49 C.J.S. Judgments § 408, pp. 805-809 for discussion of direct and collateral attack) Defendant apparently relies *771 on the jurisprudence that a judgment which, as shown by the face of the record, was rendered against a party who has neither been properly cited nor appeared is an absolute nullity and as such is subject to collateral attack. See Texaco, Inc. v. Finegan, 119 So.2d 646 (2nd Cir.La. App.) and the cases cited therein; LSA-C.C.P. art. 1201.
The most obvious answer to these contentions by defendant is that nullity of the judgment does not appear on the face of the 1956 alimony proceedings, nor is it shown by record of the present rule. In her 1956 suit for divorce, child custody and alimony, plaintiff alleged that she and defendant were married in Petersburg, Virginia in 1941 and that "thereafter the matrimonial domicile was established in the parish of Lafayette, Louisiana, where it has remained to this day;". The petition alleges that defendant is an absentee from the State of Louisiana serving with the Armed Forces overseas. If defendant was domiciled in this state, but an absentee therefrom, then personal jurisdiction over the defendant could have been based on service of process on the attorney appointed by the court to represent him. LSA-C.C.P. art. 6. It is true, as defendant points out that the note of evidence of the 1956 trial does not clearly and expressly establish that defendant was domiciled in Lafayette Parish, Louisiana in 1956. However, on the other hand, neither does the record of those proceedings show that defendant was not domiciled in Lafayette Parish, Louisiana. Under these circumstances we think that after the judgment was rendered it became clothed with a presumption of validity. See Wilson v. Calvin, 221 La. 451, 59 So.2d 451. Thus, after the 1956 alimony judgment was rendered, the burden was clearly on defendant to establish with certainty its invalidity. Defendant has not sustained this burden. He did not even file a direct attack on the judgment. Furthermore, he has not shown that the face of the proceedings establish a defect rendering the judgment absolutely void. It is our conclusion that the 1956 alimony judgment must be considered by us as valid and effective.
We now turn to defendant's second argument, which is that plaintiff is estopped from claiming the delinquent alimony by her acquiescence in accepting reduced payments since 1958. The pertinent facts show that the judgment rendered on October 26, 1956 was for alimony in favor of plaintiff and her three minor children in the sum of $176.90 per month. At that time the defendant was in the Armed Forces and apparently $176.90 was the amount of the allowable allotment for such dependents of service men.
On or about September 1, 1958 defendant was discharged from the Armed Forces, thereby stopping the allotment. Without any court approval whatsoever, the defendant reduced his monthly alimony payments to $90. Plaintiff testified that on the advice of her attorney she accepted these reduced payments without making any formal protest or demand. On or about June 1, 1960 the defendant further reduced the alimony payments to the sum of $60 per month, which amount he was paying as of the date of the filing of the instant rule. This reduction also was made by defendant without any court approval and was accepted by plaintiff without any formal protest or demand.
Other facts are that within a few months after the 1956 divorce and alimony decree was rendered, plaintiff remarried and remained so to the date of these proceedings. The facts also show that the oldest (18 years) daughter of the marriage between the plaintiff and defendant had worked at a regular job for several months.
Counsel for defendant has cited no authority in support of his argument on estoppel. We cannot see how the doctrine has any application here. There is no showing that plaintiff agreed, represented, or by her silence or inaction led defendant *772 to believe, that the partial payments of alimony were accepted as payments in full.
We think the applicable law is set forth in the case of Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 in which the court held as follows:
"The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA-Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793; Gehrkin v. Gehrkin, supra; Wainwright v. Wainwright, supra."
Although counsel herein have not raised the issue, we think defendant is now unable to attack the alimony judgment either by direct action or collaterally because he has acquiesced therein. LSA-C.C.P. art. 2003 provides that "A defendant who voluntarily acquiesced in the judgment * * *, may not annul the judgment on any of the grounds enumerated in Article 2002." (The grounds in Article 2002 are vices of form including lack of proper process.) The defendant herein has acquiesced by paying the full amount of the judgment, i. e., $176.40 per month for almost two years and then continuing partial payments thereafter.
With regard to defendant's demand, in his answer to the rule, that the alimony payments be reduced to the sum of $60 per month, we note that the judgment appealed did not pass on this request. It only rejected plaintiff's demand for executory judgment on the delinquent alimony. It did not nullify the alimony judgment nor reduce the payments.
We think that in the interest of justice this case should be remanded to allow the lower court to rule on defendant's request for amendment of the alimony judgment so as to reduce the amount of the monthly payments. For, although defendant is not entitled, as he contends, to have these payments reduced retroactively, he is clearly entitled to some reduction as of the date he so requested in his answer to the rule. LSA-C.C.P. art. 2164 gives this court authority to remand in the interest of justice. Furthermore, the appellate courts are loathe to pass on an issue not ruled on by the lower court. See Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226 and the cases cited therein.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Mrs. Anna Marjorie Dupuis, and against the defendant, Taddy Patin, for the unpaid alimony due, in the total sum of $3,488.40, as of September 31, 1961 under that certain alimony judgment of date, October 26, 1956 rendered herein. It is further ordered that this case be remanded to the district court for the limited purpose of allowing that court to consider defendant's request that the alimony payments *773 be reduced as of the date defendant made such a request in his answer to plaintiff's rule. All costs of these proceedings are assessed against defendant appellee.
Reversed and rendered in part; remanded in part.

On Application for Rehearing
En Banc. Rehearing denied.