REID, Judge.
Plaintiff, Gaston De La Bretonne filed a suit for final divorce more than a year after a judgment of separation from bed and board. Defendant, Eleanore Barringer De La Bretonne filed an answer admitting there had not been any reconciliation between the parties, but seeking, in reconvention, judgment in the amount of $1900.00 for alimony for the past three years and also permanent alimony in the amount of $100.00 per month.
This matter is before this Court on appeal of plaintiff Gaston De La Bretonne from that portion of a judgment awarding Eleanore Barringer De La Bretonne, defendant and plaintiff in reconvention, judgment for $1900.00 in back alimony. The other portions of the judgment decreeing an absolute divorce and rejecting defendant’s reconventional demand for permanent alimony in the amount of $100.00 a month are not at issue herein.
This Court is asked to determine whether any agreement was entered into between husband and wife relative to the wife’s accepting a smaller amount of monthly alimony, and, if there was such an agreement, could the judgment of the Lower Court be altered without some Court proceeding herein.
In the original judgment of separation from bed and board, alimony was awarded the wife in the amount of $100.00 per month. The husband abided by this judgment for some time until upon learning that his wife was receiving rent from a drug store in Lacombe in the amount of $50.00 a month cut his payments in half, sending her $50.00 per month. The husband testified his wife had agreed to the *150 reduced payments and was thoroughly satisfied. The wife denies this and states she made repeated demands on her husband for the $50.00 per month, which he failed to pay. The husband, in an attempt to corroborate the alleged agreement, offered numerous letters he had received from his wife thanking him for the $50.00 payments and making no mention of the deficiency. The wife claims all the letters were not offered in evidence, the husband selecting at random, those letters which were more in favor of his contention. There is no corroborative evidence offered by either party.
We have, on one side, the husband testifying that he had made the agreement with his wife’s acquiescence and consent and on the other the wife’s denial. There is insufficient evidence to hold there was such an agreement.
The Judge of the Lower Court heard the testimony of both witnesses and believed the testimony of Mrs. De La Bretonne.
Plaintiff appellant further argues there was no evidence of any rule being filed for the alleged deficient alimony, and as Mrs. De La Bretonne was represented by the same attorney who had obtained the original judgment she would have taken some Court action to collect the alleged deficiency if she had not made the agreement. This same contention could be urged the other way, for plaintiff was represented also by competent counsel, and he could very easily have filed a rule or joint motion to reduce the alimony had there been such an agreement.
Our jurisprudence is well settled that a judgment for alimony as to the amount that has become past due, is the property of him in whose favor it has been given and is protected from alteration or annulment except by the method and causes prescribed by law. See Dupuis v. Patin, La.App., 155 So.2d 768; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So. 2d 902, 903.
Our Courts have also held that alimony is not waived by the wife’s failure to make periodic demands on her former husband for payment of alimony or otherwise press him for payment. See Gehrkin v. Gehrkin, supra; Wainwright v. Wainwright, supra.
For these reasons we are of the opinion that the judgment of the Lower Court is correct and it is therefore affirmed.
Affirmed.