209 So.2d 801 (1968)
Mrs. Marian Louise Olivier COLEMAN, Plaintiff-Appellant,
v.
James Sims COLEMAN, Defendant-Appellee.
No. 10984.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1968.
Love, Rigby, Donovan, Dehan & Love, Shreveport, for plaintiff-appellant.
Peters, Ward & Johnson, Shreveport, for defendant-appellee.
*802 Before GLADNEY, AYRES, and PRICE, JJ.
AYRES, Judge.
By rule, plaintiff, Mrs. Marian Louise Olivier Coleman, seeks to be made executory an alleged unpaid balance of $741.96 awarded her as support for her three minor children. Of that sum $567.76 was made executory, but, for the balance of the claim, $174.20, plaintiff's demands were rejected and she appealed.
Under a judgment of divorce dated February 10, 1965, plaintiff was awarded support for the minor, Lessie Louise Coleman, in the sum of $150.00 per month, and for the minors, Ronald Wayne Coleman and Allen Bradley Coleman, in the sum of $125.00 each per month. The trial court refused to make executory the support for Lessie Louise Coleman in the amount of $150.00 payable August 24, 1965, and for the period of September 24 to September 29, 1965, in the sum of $24.20. These sums represented support claimed for a period of time in which the minor lived with the father and was actually supported by him.
As inequitable as the situation might appear in this particular instance, full force and effect must be accorded judgments and decrees of the court which are regularly and legally entered. The jurisprudence is, as pointed out in Sampognaro v. Sampognaro, 222 La. 597, 63 So. 2d 11, 12 (1953), that "where once there has been an award of alimony it remains in full force and effect until the aggrieved party applies to the court and is granted a modification thereof." This principle was emphasized in Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226, 228 (1954), wherein we find this appropriate observation:
"The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So. 2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA-Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793; Gehrkin v. Gehrkin, supra; Wainwright v. Wainwright, supra. Clearly therefore, Pisciotto's main defense, that no alimony was due, as well as his alternative defense, that the amount of the award should be reduced to exclude the portion intended for the support of the children, have no merit."
The rule was followed in Granger v. Granger, 193 So.2d 898 (La.App., 3d Cir. 1967), wherein it was held that, where a husband was ordered, pursuant to a judgment of separation from bed and board, to make monthly payments to the wife for the support of their minor child and for a period thereafter the child was in a correctional school which furnished all of its necessities while the child was in its custody, no modification of the alimony could be made after past-due alimony had accrued. It was pointed out that the remedy of the husband would have been to seek modification of the award at a time when the mother was no longer supporting the child.
We conclude, in the instant case, that the judgment for alimony, as to the amount past due, is the property of plaintiff in whose favor it was given, and that it is *803 accordingly protected against alteration or annulment except in the manner prescribed by law.
For the reasons assigned, it is Ordered, Adjudged, and Decreed that the judgment appealed be amended by increasing the amount decreed due, exigible and subject to execution to the sum of $741.96, and deleting therefrom the credit allowed defendant for child support for Lessie Louise Coleman for the period August 24 through September 29, 1965; and
As thus amended, the judgment appealed is affirmed at defendant-appellee's cost.
Amended and affirmed.