308 So.2d 451 (1975)
Betty Dinning HASTINGS, Plaintiff and Appellee,
v.
Woodford B. DINNING, Defendant and Appellant.
No. 4874.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
Writ Refused April 24, 1975.
Fredric G. Hayes, Lafayette, for defendant-appellant.
Ronald E. Dauterive, Lafayette, for plaintiff-appellee.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
*452 CULPEPPER, Judge.
The defendant-father appeals a judgment fixing the amount of past due child support due the plaintiff-mother under a prior judgment at the sum of $23,000, and ordering him to pay this amount to her.
The issues are: (1) Does the plaintiff-mother have a right of action for child support payments which became due during the minority of the children? (2) May the plaintiff-mother use summary process to determine the amount of child support due under a Texas judgment which was previously recognized in the Louisiana court?
On June 20, 1967, a Texas court rendered judgment of divorce in favor of the plaintiff, Betty Dinning (now Hastings) and against the defendant, Woodford B. Dinning. The judgment also awards the mother custody of the three minor children, then respectively 10, 12 and 14 years of age. The defendant-father was ordered to pay to the mother child support of $300 per week, plus an additional sum of $500 per month on the indebtedness on the family home.
On December 4, 1969, the plaintiff-wife filed an ordinary proceeding in the Fifteenth Judicial District Court for the Parish of Lafayette, seeking to have the Texas court judgment recognized and made the judgment of the Louisiana court. The defendant was personally served in Lafayette Parish, which had become his domicile. He filed an answer resisting recognition of that portion of the Texas judgment which ordered him to pay $500 per month on the indebtedness on the house. His argument was that this payment is in the nature of permanent alimony to the wife, which is not recognized by Texas law.
On February 6, 1970, the Louisiana court entered judgment recognizing the Texas decree in full and making it the judgment of the Louisiana court. The defendant did not appeal that judgment and it has now become final.
On February 16, 1970, the plaintiff-wife filed the present summary proceeding to fix the amount of past due child support and have that amount made executory. At the hearing on the rule on September 11, 1970, the parties stipulated as to the amounts which had been paid and agreed that, insofar as mathematical calculations are concerned, a total of $23,200 was past due under the judgment.
The trial court took the case under advisement, and the record was lost. After the record was reconstructed, the trial court entered judgment on June 28, 1973 ordering the defendant to pay to the plaintiff the sum of $23,000 in past due child support. That judgment is now on appeal.
Defendant's first contention is that the plaintiff-wife has no right of action for child support for the children who are now over the age of 18. Defendant contends that as to the children who are over 18 years of age, only they have a right of action to recover these amounts. This contention was recently answered by this Court in Eaglin v. Eaglin, 306 So.2d 375 (3rd Cir. 1975). We held there that the mother in whose favor the judgment for child support was rendered had a right of action to bring a suit to make executory child support payments which accrued during the minority of the children. We distinguished Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973), which is relied on by defendant, on the grounds that Bernhardt held only that the mother has no right of action to sue for child support which becomes due after the child reaches the age of majority. Both in Eaglin and in the present case all of the child support sought became due before the children reached the age of majority.
Defendant's next contention is that the plaintiff-mother had no right to use summary process to determine the amount of child support due under the Texas judgment, which had been previously recognized in the Louisiana court. Defendant argues in support of this contention that *453 the Texas judgment decreeing a divorce and fixing the amount of future child support payments is merely a status judgment and is not a money judgment. He says that an action for past due child support brought in a different state from that in which the original child support judgment was rendered must be by ordinary process, and such debt may not be determined by ancillary or summary proceedings, except in the court of original jurisdiction, which in this case would be the Texas court.
We cannot follow this argument. The plaintiff-wife followed the procedure set forth in LSA-C.C.P. Article 2541 by filing an ordinary proceeding in the proper Louisiana court to have the judgment of the Texas court "recognized and made the judgment of the Louisiana court." Judgment to this effect was rendered on February 6, 1970. The provisions of Article 2541 are clear that once a judgment of another state has been properly recognized and made the judgment of the Louisiana court, it has the same effect as if it were rendered by the Louisiana court.
LSA-C.C.P. Article 3945 expressly authorizes the use of summary process to fix the amount of past due alimony under a prior judgment and to have the amount made executory. Official Revision Comment (a) under Article 3945 states that this codifies the jurisprudence recognizing the right to proceed by rule to determine the amount of alimony in arrears, Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947).
Under these rules it is clear that after the Texas child support judgment was recognized and made the judgment of the Louisiana court, the plaintiff-wife had the right to proceed by summary process to have the amount of child support in arrears fixed and made executory.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.