342 So.2d 1195 (1977)
Franche Kerr STANFIELD, Plaintiff-Appellee,
v.
Marvin Franklin STANFIELD, Defendant-Appellant.
No. 13122.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1977.
Love, Rigby, Dehan & Love by Kenneth Rigby, Shreveport, for defendant-appellant.
S. Judd Tooke, Shreveport, for plaintiffappellee.
Before BOLIN, MARVIN and JONES, JJ.
BOLIN, Judge.
Plaintiff obtained judgment against her divorced husband for past due child support and attorney fees. Defendant appeals from that portion of the judgment awarding attorney fees. We reverse.
In a comprehensive brief before this court appellant's counsel states the purpose of the appeal is to secure a definitive ruling on whether or not attorney fees may be awarded in a suit to collect past due alimony or child support.
Attorney fees are not ordinarily awarded in a civil action except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958) and cases cited therein. There are several well-recognized exceptions to this rule, which exceptions are not relevant to this case.
There have been only two Louisiana Supreme Court cases involving the issue before us and while the facts may be different in each case, the decisions are diametrically opposed. In Newson v. Newson, 176 La. 699, 146 So. 473 (1933), a judicially separated wife sued for child support. The court awarded the wife attorney fees and stated:
". . . Alimony [child support], it may be said, is essential for the child's sustenance. When payment of it is refused, or a sufficient amount is refused, the child should be placed in position to obtain it, and this may be accomplished only by allowing reasonable attorney's fees, where the child is successful. The alimony allowed should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allowing it. This is implied in the reason of the law for granting alimony."
Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950), involved an action to increase a previously awarded alimony judgment and to accrue unpaid alimony. Without mentioning Newson the court denied the demand for attorney fees in the following language.
"With regard to the demand and award for attorney's fees we know of no law and have been referred to none which provides for such fees in a case of this kind. In this respect, the judgment will have to be reversed."
*1196 From the Newson and Wainwright cases there have developed two distinct lines of court decisions. Those cases following Newson and allowing attorney fees are: Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App. 3d Cir., 1975), and Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3d Cir., 1976). The cases following Wainwright and disallowing attorney fees are: Stoltz v. Stoltz, 162 So.2d 103 (La.App. 4th Cir., 1964), and Janise v. Janise, 328 So.2d 711 (La.App. 3d Cir., 1976).
We choose to follow the Wainwright decision primarily because it is the latest expression of the supreme court on the subject. It is also consistent with our long established rule that attorney fees are not recoverable except where authorized by contract or statute.
That portion of the judgment awarding plaintiff attorney fees is reversed and plaintiff's demand for this item is rejected; otherwise the judgment is affirmed at appellant's cost.