CHIASSON, Judge.
Plaintiff, Grace Ingersoll Smith,' appeals a judgment terminating all future alimony payments and denying her claim for attorney fees.
On December 26, 1976, plaintiff filed a rule against her former husband, the defendant herein, seeking accrual of past due alimony payments pursuant to a judgment rendered on October 17, 1958, ordering the defendant to pay alimony and child support at the rate of $500.00 per month. Plaintiff also sought to have defendant held in contempt and prayed for attorney fees. In response thereto the defendant answered seeking to have all future alimony payments terminated.
The family court judge rendered judgment accruing said past due and unpaid alimony in the amount of $62,500.00, and interest thereon was fixed at $26,142.00. The defendant was adjudged in contempt; plaintiff’s claim for attorney fees was denied; and, all future alimony payments were terminated, effective with the installment that came due on June 1, 1977.
Plaintiff appeals only those portions of the judgment denying her claim for attorney fees and terminating all future alimony payments. The defendant has not answered nor has he taken an appeal.
Plaintiff asserts the evidence does not support a finding that there was a change in the relative circumstances between the parties between the date of October 17, 1958, and the day of trial, May 5,1977, and, that there is no evidence from which it can even be reasonably inferred that alimony was no longer necessary. We cannot agree.
*875 The record discloses that subsequent to the judgment of divorce, plaintiff became permanently employed as a school teacher with the Caddo Parish School Board; that she was still employed as such at the time of trial of the rule with full tenure and retirement benefits; that she and her sister live together in her sister’s home; and, that their son attained the age of majority in 1969 and that their daughter was married in 1970.
Defendant did therefore establish substantial changes in circumstances since the rendition of the judgment awarding alimony to plaintiff. In the absence of a showing that plaintiff had not sufficient means for her maintenance as of the trial of the rule, the trial court was correct in terminating all future alimony payments.
As to the claim for attorney fees, plaintiff contends she is entitled to such an award under the holding of Newson v. Newson, 176 La. 699, 146 So. 473 (1933) and/or Act 462 of the Third Regular Session of 1977 (La.R.S. 9:305).
There are only two Louisiana Supreme Court cases dealing with attorney fees in this type of case. The first is Newson, supra, wherein attorney fees were allowed for the prosecution of a child support claim against the father. The second and more recent case is Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950), wherein attorney fees were disallowed in a suit to recover accrued alimony and to increase the amount of future alimony.
The Second Circuit in Stanfield v. Stanfield, 342 So.2d 1195 (La.App.1977) and the Fourth Circuit in Stoltz v. Stoltz, 162 So.2d 103 (La.App.1964) have followed the Wainwright decision and refused to allow an award for attorney fees.
The Third Circuit is split and has followed Newson on two occasions[1] and has followed Wainwright on two occasions.[2]
We choose to follow the Wainwright decision because it is the latest expression of the Supreme Court on the subject and it is consistent with the long established rule that attorney fees are not ordinarily recoverable unless provided for by statute or by contract,
Act 462 of 1977 went into effect on September 9,1977. The attorney fees sought by plaintiff are for services performed long prior to the effective date of Act 462. Act 462 confers substantive rights, is not remedial in nature, and is not a statute governing procedure. We hold that Act 462 of 1977 cannot be applied retroactively and is not applicable to this case.
For these reasons the judgment of the Family Court is affirmed at plaintiffs cost.
AFFIRMED.

. Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App.1975), and Baldwin v. Baldwin, 337 So.2d 245 (La.App.1976).

. Janise v. Janise, 328 So.2d 711 (La.App.1976), and Champagne v. Champagne, 345 So.2d 229 (La.App.1977).