GULOTTA, Judge.
We are confronted with an appeal by a divorced husband from two separate judgments. In one judgment, dated July 6, 1977, the trial judge maintained a support award in the amount of $400.00 for two children, although he relieved the husband from paying support for a third child who had died. In that July 6 judgment he also awarded the wife $3,424.50 (one half of the expenses of the last illness and funeral of the deceased child) and $300.00 (attorney’s fees incurred by the wife in enforcing previous support judgments). In the second judgment, dated October 6, 1977, the court terminated support for a child who had reached majority but further set the support for the remaining child at $361.57 per month.
The husband complains, in both appeals, the trial judge abused his discretion when he failed to allow substantial support reductions and awarded medical and funeral expenses and attorney’s fees to the wife.
*1132 JULY 6 JUDGMENT
In an effort to show a change in circumstances, Kenneth Compton, the husband, testified he had been unemployed for over a month prior to trial and was burdened with truck and car payments. Compton stated that he had separated from his present wife and was living and taking meals at his parents’ home. He claimed that he borrowed money from his relatives and his present wife and her son to meet support payments. Plaintiff further indicated that he had been unable to find work as a trucker and had been laid off a construction job where he had received two checks in the amounts of $133.39 and $140.32.
Compton’s 1976 income tax return does not support his claim of dire financial circumstances. Although the return showed a net income of $182.00, his gross receipts from his business totalled $48,350.00. Depreciation amounted to $15,000.00, road expenses amounted to $9,377.00 and repair costs approximated $4,000.00. His cash flow at that time was obviously greater than indicated in his testimony. The wife had remarried and was receiving a gross annual income from her job of $11,200.00, together with $100.00 per month rental income. Her present husband, Charles Pfis-ter, was receiving a gross annual income in the sum of $17,000.00.
The wife offered evidence to show a $437.00-per-month increase in expenses for the two surviving children.
Too well settled to require citation is the rule that child support awards are discretionary and the amount set by the trial judge will not be disturbed on appeal absent a showing of an abuse of that discretion. Notwithstanding the death of one of the three children, the trial judge concluded that maintaining a support award at $400.00 per month was required for the support of the two children, ages 17 and 14. The evidence considered, we find no abuse of his discretion.
We likewise find no error in the court’s award of medical and burial expenses in the sum of $3,424.50. The wife testified that the expenses of the last illness after deducting insurance proceeds totalled $4,978.00 and that the net burial expense after insurance credits amounted to $1,873.00. Taken together, these expenses total $6,851.00. The husband testified that he had not contributed any money to cover these expenses.
In Wingo v. Cook, 306 So.2d 370 (La.App. 3d Cir. 1975), the court ordered a father to pay one half the extraordinary medical expenses incurred for the treatment of his child in addition to support payments. In the instant case, the trial court’s award corresponding to one half the expenses of the deceased child’s last illness and funeral was proper.
We do find, however, the trial judge erred when he awarded attorney’s fees incurred by the wife in enforcing previous judgments of support. It is true that LSA R.S. 9:305, as amended by Act 462 of 1977, now provides that when the court renders an executory judgment incorporating the payment of child support or alimony in arrears, the court may award reasonable attorney’s fees in favor of the prevailing party; however, this statute was not in effect when the July 6, 1977 judgment was rendered.[1] At the time the judgment was rendered, the prevailing jurisprudence did not allow attorney’s fees to the wife for enforcement of support judgments. See Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950); Stoltz v. Stoltz, 162 So.2d 103 (La.App. 4th Cir. 1964), writ refused, 246 La. 349, 164 So.2d 352 (1964); Stanfield v. Stanfield, 342 So.2d 1195 (La.App. 2d Cir. 1977). Accordingly, that part of the July 6 judgment awarding the wife the sum of $300.00 attorney’s fees is reversed and set aside.
OCTOBER 5 JUDGMENT
The husband was receiving approximately $1,385.00 per month net pay from his *1133 construction job.[2] His total monthly expenses amounted to $997.00. Though one of the two surviving children had reached majority on September 22, 1977, the wife introduced a list of expenses to meet the needs of the remaining 14-year-old girl in the amount of $723.13. She had received a $l,500.00-a-year pay raise, giving her an income of $13,308.00 per year. Her present husband’s income was $15,959.91 per year.
In oral reasons for judgment, the trial court stated the total monthly expense as listed by the wife was reasonable and the husband’s present income was such that he was able to pay one half this amount or $361.57.
The husband contends the expenses listed by the wife are inflated. According to the wife, the total expenses for the most part represent one fourth of the family-of-four’s expenses. (The child lives with her older sister, her mother and the mother’s present husband.) Though we find merit to the divorced husband’s argument to the extent that the expenses listed appear to be inflated, we cannot say they are so inflated as to require a reduction in the amount awarded by the trial judge.
Furthermore, a proportionate reduction in support does not necessarily follow merely because a child has attained the age of majority. In Wallace v. Wallace, 316 So.2d 496, 498 (La.App. 2d Cir. 1975), the court stated:
“ * * * Where the father has been ordered to make a periodic lump sum payment for the support of all his minor children, the fact that one or more attains majority does not necessarily mean the father’s obligation should be reduced ratably. It cannot be presumed that the initial amount was necessarily fixed on the basis of an equal amount for each child. Before a reduction is granted there should be a new determination of the needs of the remaining minor children as well as the father’s ability to pay. * * * JJ
See also Lawrence v. Lawrence, 167 So.2d 414 (La.App. 4th Cir. 1964).
Although one of the two children has attained majority, we cannot say under the circumstances the minimal reduction granted to the husband is an abuse of discretion.
DECREE
Accordingly, that part of the July 6 judgment in favor of Ivy Marie Bertaut and against Kenneth R. Compton in the amount of $300.00, together with interest from date of judicial demand, is annulled and set aside. In all other respects, the judgments are affirmed. As amended, affirmed.

AMENDED AND AFFIRMED.

. Act 462 of 1977 became effective on September 9, 1977.

. Check stubs from 7/31/77 through 9/25/77 showed a total net income for 9 weeks of $2,876.52. Compton’s weekly earnings averaged, for this period, $319.61. His monthly earnings during August and September, 1977, approximated $1,385.00.