DOMENGEAUX, Judge.
On October 10, 1977, Judy Dean Vernon Leger, former spouse of the defendant, Dallas Joseph Leger, filed a rule for past due alimony for child support against her former husband. The petition alleges that no alimony had been paid since August 7,1975, the date a judgment of divorce was signed between the two parties. Pertinent portions of that judgment read as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, JUDY DEAN VERNON, be and is hereby granted the permanent care, custody and control of the minor children born of this marriage, namely LUKE DANIEL LEGER, STEPHANIE KIM LEGER, DALLAS JOSEPH LEGER, JR., and TAMMY LYNN LEGER, subject to defendant’s rights of visitation with and by said minor children during the regular school term and alternating school holidays and any other reasonable visitation as the parties may agree upon.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, DALLAS JOSEPH LEGER, be and is hereby condemned and ordered to pay the sum of ONE HUNDRED FIFTEEN AND NO/100 ($115.00) DOLLARS per month for the support and maintenance of the aforesaid minor children, commencing instanter and continuing until the further order of this Court.”
The accumulated amount of child support due at time of suit was $2,990.00. The evidence shows that during the period from the divorce judgment to the time of the filing of the rule for arrearages, the children had spent thirty-seven percent of the time with the mother and sixty-three percent of the time with the father. Utilizing a formula of 37% of $2,990.00, the trial court awarded Judy Dean Vernon $1,106.30 as child support arrearages. Plaintiff-wife *1339 has appealed, seeking the full amount of the arrearages.
The trial of the suit which resulted in the granting of the divorce in favor of the wife and which awarded her the permanent custody of the minor children and child support, was heard by a different Judge than the one who heard the rule for arrearages. In the latter instance, the Judge concluded that inasmuch as the custody award recognized that the father’s rights of visitation were during the children’s regular school term, and that they were with him much of that time, it would be inequitable and unjust to the former husband to cause him to pay child support during the time that he was supporting them at his separate residence. He lived in Washington, Louisiana, and she in Jeanerette, Louisiana.
The judgment of divorce specifically grants Judy Dean Vernon the permanent care, custody, and control of the minor children. Although the judgment granted the father extensive rights of visitation with and by the children during their regular school term, it nevertheless also definitively ordered him to pay the sum of $115.00 per month for the support and maintenance of the children. We find this judgment unambiguous. In Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), a child support case, the Louisiana Supreme Court, in quoting Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), stated:
“ ‘The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff’s failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA—Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793, Gehrkin v. Gehrkin, supra: . . . ’”
The Court further stated:
“Until modified, therefore, the judgment awarding alimony is a determination of the rights of the parties and has acquired the authority of the thing adjudged.”
Judy Dean Vernon is the person in whose favor child support has been given. As to this past due alimony, the judgment awarding the alimony has acquired the authority of the thing adjudged.
The able trial judge bases the judgment for arrearage on equity in part. We believe this to be incorrect. In Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), writs denied, 293 So.2d 187 (La.1974), among other matters involved, the father contended that the mother was not entitled to previously awarded child support during the period that the father had physical custody of his children under a subsequent ex-parte order of the district court. In that ex-parte order, the previously awarded child support payments were not modified or terminated. In denying relief to the father, we stated:
“The only remedy available to a father to relieve himself of the obligation of paying child support imposed by a judgment is by proceeding to have the judgment amended, suspended or terminated. Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir. 1971); Hebert v. Hebert, 159 So.2d 537 (La.App. 3rd Cir. 1964). Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right, until the judgment is altered or amended by subsequent judgment or is terminated by operation of law.”
*1340 For the above reasons we must conclude that our trial brother erred in not awarding the full amount of the arrearages to the mother.
Accordingly, the judgment is amended, and it is now ORDERED, ADJUDGED, and DECREED that the rule to make the full amount of delinquent child support executo-ry be and the same is hereby made absolute. Further, the amount of the judgment in favor of JUDY DEAN VERNON and against DALLAS JOSEPH LEGER is increased to the sum of TWO THOUSAND, NINE HUNDRED NINETY AND NO/100 ($2,990.00) DOLLARS, with legal interest at the rate of seven (7%) percent per annum from October 10,1977, until paid. Costs, at trial and on appeal, are assessed against Dallas Joseph Leger.

AFFIRMED, AS AMENDED.