BOLIN, Judge.
Plaintiff seeks to recover damages for physical injuries sustained by him when an automobile, parked in front of a supermarket at Coushatta, Louisiana, lurched forward pinning plaintiff between the automobile and a Coke machine located in front of the grocery store. The defendants are: *567 Mrs. Maxine Robertson and her insurer, Travelers Indemnity Company; Bo Brewer and his employer, William G. Shaver d/b/a Shaver’s Auto Sales and his insurer, Hartford Accident & Indemnity Company; C. Parker Strange d/b/a Strange Motor Company and his insurer, Hardware Mutual Casualty Company. The lower court decided the accident was caused solely by the negligence of Brewer, rendered judgment in plaintiffs favor against Bo Brewer for $7,122.90 but dismissed the suit as to the remaining defendants and plaintiff appealed. Brewer has not appealed.
In his written reasons for judgment the trial judge summarized the facts as developed during the trial and, since we agree with these factual findings, we shall briefly re-state them.
Mrs. Robertson, who was interested in the purchase of a late model used car, contacted a representative of Strange Motor Company in Coushatta. ' She was given permission to take the 1963 Ford for a few days in order to try it out. She drove the Ford to her place of employment at a local supermarket where she parked it immediately in front of a,beverage cooler.
Between 1 and 2 p.m. on the day of the accident, Bo Brewer came into the store where Mrs. Robertson was employed and, while there, a conversation ensued between Brewer and Mrs. Robertson. Mrs. Robertson and Brewer were acquainted, since Brewer had previously been engaged by Mrs. Robertson to do work on her automobile during his off hours. Lloyd Bogus, who was also present in the store, left with Brewer in order to go out to the front and look at the Ford. While inspecting the automobile, either Brewer or Bogus raised the hood and the two of them were making certain comparisons between this automobile and a Pontiac owned by plaintiff. Apparently desiring to satisfy their curiosity more fully, Brewer reached inside the automobile, maneuvered the manual shift lever to a position he thought was neutral, turned the ignition key to the start position whereupon the car, actually being in forward gear, lurched forward pinning Bogus between the front of the automobile and the beverage cooler inflicting the injuries made the basis of this suit.
Based on the uncontradicted evidence that Brewer was visiting the store during his lunch hour and without any idea in mind of furthering his employer’s business, the lower court found there was no employer-employee relationship between Brewer and his employer, William G. Shaver, at the time of the accident. Counsel for plaintiff in his brief before this court concedes the correctness of the lower court’s ruling rejecting plaintiff’s demands against Shaver and Hartford.
However, plaintiff specifies error in the lower court’s refusal to hold Mrs. Robertson or Strange Motor Company and Hardware Mutual Casualty Company liable on the theory that Brewer was using the vehicle with either the express or implied permission of Mrs. Robertson. We find no evidence substantiating either an express or an implied agency relationship between Brewer and Mrs. Robertson. Neither Brewer nor Mrs. Robertson testified the latter asked or invited Brewer to inspect the automobile in order to give her an opinion as to the mechanical condition thereof. On the contrary, Brewer and Bogus were inspecting the automobile to satisfy their curiosity. We, therefore, concur in the lower court’s rejection of plaintiff’s demands against Mrs. Robertson and her insurer, Travelers Indemnity Company, on the agency theory.
Plaintiff strenuously argues in this court that the lower court erred in not finding that the automobile was “owned” by Strange Motor Company and further in not finding that the automobile itself was covered by the policy issued to the motor company by Hardware Mutual Casualty Company. The liability policy of Hardware Mutual covered liability for “the ownership, maintenance, or use of any automobile for the purpose of garage opera *568 tion * * * ” Plaintiff contends the Ford was being used by Mrs. Robertson for the /purposes of the garage operation which rendered the insurance company liable to plaintiff for the injuries under the quoted provision. However, under the facts found by the lower court, in which we find no error, there was neither an implied nor specific permission given by Mrs. Robertson for Bo Brewer to operate or use the automobile. For this reason there can be no liability assessed against Hardware Mutual under the so-called “garage operations” clause.
Plaintiff also contends on appeal that the judgment rendered against Brewer was inadequate and should be increased to the sum of $10,622.90. In its written reasons the lower court set forth the injuries received by plaintiff when it found:
“ * * *
“According to the doctor’s report filed in evidence, plaintiff suffered a fracture of the fibula of his right leg, with bruising about the knee and middle right leg with some tenderness along the front border of the tibia. He was in the hospital from April 17, 1964 to April 24, 1964, at which time he was ambulating on crutches without weight bearing on the right leg. He was discharged from observation on August 6, 1964. During the course of his recovery it was found plaintiff was suffering with a left trochanteric bursitis. Although this complication was painful, the attending physician made no mention of this as a disability when he released plaintiff from further observation. The evidence shows plaintiff was absent from work from April 17, 1964 to July 29, 1964, and he claims loss of wages of $71 for ten weeks. This is justified. Medical expenses were $412.90 and are proved. It is felt, in view of the more or less uneventful recovery made by plaintiff, although he testified he still suffers some pain and discomfort as a result of the fracture, that for physical pain and suffering and mental pain and anguish he is entitled to an award of $6,000.”
******
Article 1934(3) of the Louisiana Civil Code provides “much discretion must be left” to the trial judge in the assessment of damages in tort cases. Finding no abuse of this discretion, the amount of the award will not be disturbed by this court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.