HALL, Judge.
In this suit for damages arising out of an automobile accident, the district court sustained an exception of no cause of action filed by defendant, Tallulah Motor Company, and dismissed plaintiffs’ suit against that defendant. Plaintiffs appealed. We affirm the judgment of the district court.
Plaintiffs, Henry C. Miller and Virginia Miller, driver and passenger in one automobile, brought suit against (1) James Gilbert, driver of the other automobile; (2) Thomas Williams, a passenger in and prospective purchaser of the other automobile; (3) Tallulah Motor Company, owner of the other automobile; (4) Tallulah’s liability insurer, Universal Underwriters Insurance Company; and (5) alternatively, The Aet-na Casualty & Surety Company, plaintiffs’ uninsured motorist insurer. Plaintiffs alleged the accident was caused by the negligence of Gilbert.
Pertinent to the issue presented by this appeal, plaintiffs alleged:
“8.
“Petitioners are informed and believe, and therefore allege, that the 1965 Dodge operated by GILBERT at the time of the aforesaid accident was owned by TALLULAH MOTOR, said vehicle had been placed in the possession of WILLIAMS, who was contemplating *844 purchasing same and TALLULAH MOTOR was attempting to sell said vehicle to WILLIAMS. Said Dodge was placed in possession of WILLIAMS on condition that WILLIAMS leave his vehicle in possession of TALLULAH MOTOR. TALLULAH MOTOR advising WILLIAMS that while said Dodge in his possession he could try same out, have it checked and operate said vehicle as if it were his own and in place of WILLIAMS vehicle which was left with TALLULAH MOTOR. The delivery of said vehicle to WILLIAMS being made in connection with a business activity and function of TALLULAH MOTOR. By reason of this business relationship and the circumstances surrounding delivery of said Dodge to WILLIAMS, TALLULAH MOTOR is responsible for the damages sustained by reason of the operation of this vehicle in connection with this accident, as shown above and for reasons hereinafter shown.
“9.
“WILLIAMS made an attempt on the day preceding this accident to return said vehicle and pick up his own; however, TALLULAH MOTOR was closed at a time prior to that which WILLIAMS had been informed it would be closed, consequently, he continued using said Dodge under the aforementioned arrangement. Sometime prior to this accident WILLIAMS, while occupying said Dodge, asked GILBERT, who was related to WILLIAMS, to operate the vehicle for him and drive him to some destination, as well as to render an opinion as to the worthiness of this vehicle, so WILLIAMS might make a decision in connection with his purchase. While GILBERT was so operating this vehicle with WILLIAMS as a passenger, the aforesaid accident occurred. GILBERT consequently, under the circumstances, operated the Dodge as an agent of WILLIAMS and with permission of TAL-LULAH MOTOR, making both WILLIAMS and TALLULAH MOTOR liable for the negligence, in this instant, of GILBERT.”
Aetna, as plaintiffs’ subrogee under its collision coverage, intervened seeking recovery against the same defendants.
Defendant, Tallulah Motor Company, filed a peremptory exception of no cause of action to plaintiffs’ petition and Aetna’s petition of intervention, on the grounds that plaintiffs and intervenor did not allege Tallulah was in any manner negligent or that the driver, Gilbert, was an agent or employee of defendant and, therefore, there is no basis for liability on the part of this defendant. The exception was sustained. Plaintiffs appealed. Aetna did not appeal.
On appeal, plaintiffs contend there was a “quasi-agency” relationship between defendant and Williams and Gilbert and that the defendants were engaged in a joint venture, arising out of the fact that Tallu-lah made the automobile available to Williams, a prospective purchaser. Plaintiffs cite Service Fire Insurance Company v. Johnson, 138 So.2d 410 (La.App. 3d Cir. 1962) in support of their position.
Plaintiffs’ position is without merit. The cited case is not applicable. The Service Fire case is authority for the proposition that where an owner with theoretical right of control is a passenger in his own car’driven by another, and the ride is for his benefit or the mutual benefit of himself and the driver, then, as to third persons, the negligence of the driver may be imputed to the owner. The situation in the instant case is entirely different. No agent or employee of Tallulah, the owner, was in the vehicle and Tallulah had no control over the operation of the vehicle, theoretical or actual.
Smith v. Howard Crumley & Co., 171 So. 188 (La.App. 2d Cir. 1936) is distinguishable on the same basis. In that case, the injured plaintiff recovered against the automobile dealer where the dealer’s employee-salesman was present in the auto *845 mobile and directing its operation by a prospective purchaser whose negligence caused the accident.
An agency relationship is not established between an automobile dealer and a prospective purchaser by reason of the dealer allowing the prospective purchaser to test drive a vehicle. Graham v. American Employers’ Ins. Co. of Boston, Mass., 171 So. 471 (La.App. 2d Cir. 1937).
In Graham, the court sustained an exception of no cause of action filed by an automobile dealer in a suit for damages brought by a passenger in an automobile being driven by a prospective purchaser. The court held that complete control of the vehicle was relinquished by the dealer when the prospective purchaser was granted the right to operate it alone and there was no agency relationship.
See also Bogus v. Strange, 192 So.2d 566 (La.App. 2d Cir. 1966) in which the court denied recovery against an automobile dealer to a person injured by the negligence of a curious friend of a prospective purchaser to whom the automobile had been loaned.
In any event, the mere- existence of an agency relationship does not impose vicarious liability on the principal for the physical torts of a nonservant agent. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968). See “Master’s Vicarious Liability For Torts Under Article 2320 — A Terminological ‘Tar-Baby’ ”, 33 La.L.Rev. 110 (1972), sub-part “Automobile Dealers and Prospective Purchasers”, at page 120.
The relationship between Tallulah and Williams and Gilbert was not such as to impose vicarious liability on Tallulah for the negligence of Gilbert under any concept known to Louisiana law. There is no statutory or jurisprudential basis for vicarious liability in this case.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.