MARVIN, Judge.
A defendant judgment debtor, against whom a Louisiana alimony judgment was made executory, intervened in this garnishment proceeding against his out-of-state employer, claiming his wages, earned and paid out of state, are exempt from garnishment under R.S. 13:3951. The lower court rejected the intervenor’s demands. We affirm.
Intervenor raises several issues on appeal, all based on the premise that he is a resident of Texas, that his employer is a Michigan corporation, and that his wages were earned and paid in Texas. The corporate employer, however, has a Louisiana agent for service of process and is authorized to do business here. The intervening defendant personally appeared "and contested the initial alimony proceedings and the proceedings which made the judgment executory in the parish of the former marital domicile.
A foreign corporation doing business in a state where it has appointed an agent for service of process may be sued in that state as if it were a resident corporation. C.C.P. 2416, 42(4). Debts due from such corporations are subject to garnishment in that state. Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206 (1934); Louisville & N. R. Co. v. Deer, 200 U.S. 176, 26 S.Ct. 207, 50 L.Ed. 426 (1906); Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905). See also Globe & Rutgers Fire Ins. Co. of New York v. Brown, 52 F.2d 164 (W.D.La.1931).
We are to determine whether or not the judgment creditor’s cause of action arose out of this state because of the exemption in R.S. 13:3951:
“Wages earned out of this state and payable out of this state shall be exempt from attachment or garnishment in all cases where the cause of action arose out of this state . .” (emphasis supplied)
*299 A cause of action is the state of facts which entitles a litigant to sustain an action. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975). A suit to make past due alimony executory is not a suit simply for a money judgment or a debt, but is an incident of the original divorce or separation proceeding which ordered the alimony payable. See Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947). Further proceedings in execution of that judgment are also incidents of the original proceeding in which alimony was ordered paid. C.C.P. 3941, 3945, 2411-2417.
The cause of action in R.S. 13:3951 is the original state of facts which entitled the judgment creditor to sustain her action for alimony. This cause of action arose in Louisiana where the judgment creditor and her husband last lived together as man and wife. The cause of action did not arise out of this state and the judgment debtor may not claim benefit of the exemption in R.S. 13:3951.
We are not concerned with where the periodical alimony, which the intervenor equates to an ordinary debt under C.C. 2157, may have been payable.[1] Alimony is not technically a debt, even though it is enforceable by the writ of fieri facias when reduced to an executory judgment. See Cotton v. Wright, 193 La. 520, 190 So. 665 (1939).
At intervenor’s cost, judgment is affirmed.

. Intervenor argues that such a debt under C.C. Art. 2157 would have been payable only at his “dwelling” in Texas and that the cause of action, therefore, arose in Texas. Intervenor overlooks the fact that his obligation to pay alimony arose as an incident of the marriage and the wife’s grounds for its dissolution. The judgment as to these matters was long along final and definitive. This controversy concerns the execution of the judgment under the writ of fifa and is, in essence, between the employer-garnishee and the judgment creditor, subject of course to the legal exemption afforded the judgment debtor. See Comment, “Garnishment in Louisiana”, 18 La.L.Rev. 446.