PRICE, Judge.
In this appeal the appellant, Sarah Lucas Bearden, seeks reversal of a judgment ordering a change in the custody of minor children from her to the appellee, Floyd Wayne Bearden.
As an incident to a judgment of absolute divorce, appellant was awarded permanent custody of three of the four children of the marriage between herself and appellee. This judgment of January 17, 1980, awarded custody of the oldest child to appellee. Subsequently on May 15, 1980, appellee filed a rule seeking a change of custody of the three children whose custody was previously awarded to appellant. Service of process was made upon the attorney who had represented appellant in the divorce proceedings.[1] The sheriff’s return shows that this rule served on the attorney on May 19 gave notice of a hearing set for May 29, 1980.
On May 29, at the hearing on the rule, appellant’s attorney of record stated that he had been unable to notify her of the scheduled hearing. Nevertheless, the attorney announced ready for trial and the court proceeded to take evidence. At the close of appellee’s evidence, the trial court concluded that the testimony was sufficient to support a finding that the custody change was in the best interests of the children. The judgment reflecting this determination awarded the permanent care and custody of all four children to appellee. The attorney representing appellant at the change of custody hearing subsequently withdrew as counsel of record on the ground that he had been unable to locate his client.
Upon hearing of the change of custody order, appellant filed a motion for a new trial on June 3 alleging that she had been unaware of the custody proceedings until the day after judgment was rendered. At that time she had received a letter from her attorney dated May 23 advising her of the already transpired custody hearing set for May 29. Appellant’s new trial motion alleged that her attorney had been unaware of her whereabouts and was unable to contact her punctually.
At the hearing on this motion on June 12, 1980, appellant requested a continuance in order that she might secure representation from a new lawyer. This oral motion for a continuance was denied. Appellant then asked the court to give her a new trial because she had not been notified of the child custody hearing. The motion for a new trial was also denied.
In addition to challenging the merits of the custody change order, appellant contends that the minimum requirements of procedural due process were not complied with. We find it unnecessary to address these contentions however since our review of the record convinces us that the trial judge abused his discretion in failing to grant appellant a new trial.
*861 Although service of process was effected by the sheriff serving a copy of the rule on an attorney of record who had not maintained contact with his client for some five months, this practice is sanctioned by the Code of Civil Procedure and the jurisprudence. See La.C.C.P. Art. 1314; Imperial v. Hardy, 302 So.2d 5 (La.1974).
This attorney was unaware of appellant’s whereabouts since it had been some time since the divorce proceedings in which he had represented her. Appellant’s attorney of record stated at the hearing on the rule that he had gone to the house in Bossier City in which appellant had formerly resided in an effort to notify her of the pending hearing. He was informed by neighbors that she had been gone for two or three weeks.
On the other hand, the record clearly establishes that appellee knew where appellant could have been contacted. Appellee’s direct testimony shows that he was aware that appellant had moved from the Bossier City address and was staying with her mother in Bastrop. It is apparent from the record that this information was not communicated to appellant’s attorney of record. If appellee had furnished the information known to him to appellant’s counsel, notice to her could have been reasonably accomplished.
Viewing the record as a whole we are of the opinion that the trial judge abused the discretion accorded him in his decision to refuse appellant a new trial. Even though service of process upon appellant’s attorney of record was within the technical bounds of propriety, the ends of justice are not served by denying her a right to present her evidence when the record shows that she received no actual notice of the custody hearing and could not have so long as the appellee withheld the information needed to enable the appellant’s attorney of record to notify her.
Under La.C.C.P. Art. 2164 this court may render any judgment which is just, legal, and proper, including the power to remand for a new trial in the interest of justice. See Lenard v. Lenard, 386 So.2d 1043 (La.App. 4th Cir. 1980); Hail v. Arkansas-Louisiana Gas Co., 359 So.2d 255 (La. App.2d Cir. 1978), amended 368 So.2d 984 (La.1979).
The trial court’s refusal to grant a new trial in light of the facts disclosed by this record has produced a miscarriage of justice. The case must be remanded for the purpose of allowing defendant to present her defense to plaintiff’s change of custody rule.
For the foregoing reasons the judgment of the trial court of May 29,1980, awarding permanent custody of the minor children to Floyd Wayne Bearden is set aside, and this case is remanded for a hearing on the merits. Temporary custody of the four minor children of the marriage between appellant and appellee is to remain with the appellee. Costs of this appeal are assessed against the appellee. Assessment of all other costs shall await final determination of this case.

. The attorney upon whom service was made is not the same counsel who represents appellant on this appeal.