BOUTALL, Judge.
Defendant-appellant Ralph Tureaud appeals from a judgment refusing to nullify *635 or grant new trial on a judgment taken against him in Ms absence, making executo-ry a judgment for alimony arrearages. We set the judgment aside in part and remand for the reasons which follow.
Ralph Tureaud sued for and was granted a divorce from appellee Veronica Tureaud on December 3,1980. The wife was awarded custody of the one child along with $85.00 per week alimony and $45.00 per week child support.
On February 18, 1982 the former wife filed a rule in the same proceeding to recover some $5,519.00 in alimony arrearages and to hold defendant-appellant in contempt. The record reflects that personal service was made on the attorney who had handled appellant’s divorce some year and a half before. The rule was had on March 8,1982, however, neither appellant nor his attorney was present. The trial judge allowed plaintiff to put on her case in defendant’s absence, and rendered judgment against Ralph Tureaud in the amount of $5,519.00 plus $250.00 in attorney’s fees.
Appellant Tureaud alleges that his first knowledge of the judgment against him was when he was served notice of its signing. Appellant thereafter secured new counsel and filed a petition for nullity[1] and, by separate pleading, a motion for new trial. Somehow both came for hearing on the order attached to the motion for new trial and both were tried.
The trial judge denied both, stating in his Reasons:
“This court concludes that contempt rules and rules for past due alimony are by their very nature incidental demands and service on the attorney of record of a party is presumed proper service under Article 1314 of the Code of Civil Procedure unless evidence is introduced to show lack of knowledge by the client.”
The issue presented to us on appeal is whether service on the “attorney of record” is adequate service on the defendant in a post-divorce rule to collect alimony arrear-ages. We disagree with the trial court as to the incidental nature of a post-divorce rule to make past due alimony executory, and as to which party should bear the burden of proving or disproving actual notice.
While we think that in some cases such service may be entirely proper, due process considerations require a procedure which will insure fairness to both parties and promote actual notice to the defendant in such a situation. We hold that when a plaintiff elects to serve defendant’s “attorney of record” in such a case it is incumbent on the plaintiff to be able to show defendant’s continued representation by that attorney or actual notice to defendant. We think that it is such common practice to employ the attorney only for the duration of the divorce case that we should take notice, and, in fairness, place the burden of proof on plaintiff before proceeding against an absent defendant, especially when considerable time may have elapsed from judgment of divorce to the executory or contempt proceedings.
We conclude that justifying service on defendant’s attorney of record by terming an alimony rule an “incidental action” is a misapplication of law and only serves to further confuse the situation. In the case of Williams v. Williams, 371 So.2d 297 (La.App. 2d Cir.1979), it was stated that a suit to make past due alimony executory is not a suit simply for a money judgment or debt, but is an incident of the original divorce or separation proceeding which ordered the alimony payable, referring to Williams v. Williams, 211 La. 939, 31 So.2d 170 (La.1947). We are referred to the case of Walker v. Walker, 157 So.2d 476 (La.App. 3rd Cir.1963) as supportive of that position. However, we do not consider the Walker ruling appropriate to the situation herein because the rules to show cause in Walker were filed prior to the rendition of a final judgment of divorce and while the matters were still pending disposition.
*636 Other courts have taken a position that a rule to obtain an executory money judgment is not an action incidental to the divorce and have refused to recognize service on the attorney under facts quite similar to this case. We refer to Smith v. Smith, 289 So.2d 271 (La.App. 1st Cir.1973). In that case the court attempted to make a distinction between an action to review and change the payment of future installments of alimony and the action to make those installments executory. Similarly, we note the case of Lewis v. Lewis, 404 So.2d 1230 (La.1981) in which the Supreme- Court points out that there is a difference in the effect that a divorce judgment has upon alimony of the wife as compared with child support (both of which are contested here) and that a judgment awarding support for a child has a legally independent basis; that it cannot be identified with the subject matter of a divorce or separation suit or be considered incidental to it.
An examination of the jurisprudence leads us to conclude that some of the confusion surrounding this type of proceeding arises when it is considered as incidental to the divorce judgment. As we view the matter, it is somewhat irrelevant to determine whether or not the executory proceedings are incidental to the divorce proceedings after the divorce judgment is rendered, but the proceeding must stand on its own procedural base, that is, that the judgment decreed a divorce between the parties, but that same judgment also decreed an amount for alimony for the wife and for child support. The consideration of the ex-ecutory proceeding is thus based only on that decree of post alimony support and the authority of the court which rendered such a judgment to see to its enforcement. We refer to the case of Imperial v. Hardy, 302 So.2d 5 (La.1974), which we consider stands for the approval of such a premise. Although in that case there was involvement with a foreign defendant, nevertheless there is a similar factual and procedural basis in that and this case. The issue there involved was not whether the court had jurisdiction incidental to a decree of divorce, but whether it had jurisdiction incidental to proceedings relative to child support. The court held that once jurisdiction attached for an award of child support it continued for a change or modification of the award in the future. Deciding that the court had jurisdiction over the defendant, the court concluded that service could be made on his counsel of record at a later time in the same proceeding in a matter incidental to that originally adjudicated, provided the matter was not final. We follow this principle.
The judgment pronouncing the divorce decreed both alimony and child support and the rule under attack here is based upon that judgment and is expressly provided for in Code of Civil Procedure article 3945. That article provides:
“When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.”
The enactment of this article has removed the issue with which the court grappled in the earlier Williams case cited above by codifying the.earlier rule which was jurisprudential only. Based upon this procedural authority and the jurisdictional authority underlying the Imperial case, it necessarily follows that the present rule is properly based upon the court’s judgment fixing alimony and child support and is a necessary concomitant in the enforcement of that judgment. Accordingly, if the court still retains its jurisdiction over the matter, we see no reason why service could not be made upon the attorney of record as provided in C.C.P. article 1314. That article provides:
“A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.” Emphasis added.
*637 To the extent that the judgment below decreed that service on the attorney of record could be a valid service, we agree. However as noted above we cannot bind ourselves to the long periods of time which may lapse in the interval between such proceedings and note here an interval of a year and a half. The issue then narrows itself to a consideration of a policy which would promote fairness and proper notice to the parties. The trial judge concluded that it was the burden of the defendant to introduce evidence to show lack of knowledge by the client of the attorney who was served. We suggest that an immediate difficulty arises from the very lack of notice, that is, that the unnotified' client obviously has no opportunity of appearing timely to complain of the lack of notice. Considering the summary nature of such proceedings and the inappropriateness of appeal as a remedy, it appears to us that a better policy would be to place the burden upon the mover in rule to show that notice was afforded.
The problem in this case is similar to the problem presented in the case of Bearden v. Bearden, 393 So.2d 859 (La.App. 2d Cir.1981). Although in that case the court did not pronounce upon the minimum requirements of procedural due process and notice, the court made it plain that in a case wherein no notice was actually afforded the client by the attorney, that the judgment protested would be set aside and a new trial ordered. We are told in argument, and it is not presently disputed, that the attorney gave no notice to the defendant, his erstwhile client. However those facts were not put at issue in the trial court and we have no facts upon which to determine whether notice was given. The matter was submitted in the trial court purely upon the legal results of service upon the attorney of record. Thus, insofar as the motion for a new trial goes, there was no evidence before the judge showing lack of notice and the judge was correct in refusing to grant a new trial.
However, at the same time it appears that the judge pronounced upon the merits of the petition for nullity of judgment, dismissing it. The record does not make us aware of any agreement to submit that matter also on the trial of the summary rule without evidence. Because we find ourselves unable to solve that problem with the record presently before us, we conclude that in all fairness it would be better to set aside the judgment rendered on the nullity proceeding, and remand this matter back to the trial court in order to give both parties an opportunity to introduce evidence relevant to the actual notice afforded the defendant Ralph Tureaud consistent with the views expressed herein.
Accordingly, we affirm that portion of the judgment denying the motion for a new trial. We set aside that portion of the judgment dismissing the petition for nullity of judgment and remand for further appropriate proceedings consistent with the views expressed herein. Assessment of the cost of this appeal as well as other costs are referred to the trial court to await the final determination of costs in the matter.
JUDGMENT AFFIRMED IN . PART, JUDGMENT SET ASIDE AND REMANDED IN PART.

. Although the pleading is titled “Motion for Nullity of Judgment”, it is styled as a petition with citation.