482 So.2d 817 (1986)
Robert J. MITCHELL and James E. Green
v.
Debra L. WALL, Terry Parker and Key Dodge Company.
No. CA-3530.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Rehearing Denied February 26, 1986.
*818 Mayer Finkelstein, New Orleans, for plaintiffs-appellees Robert J. Mitchell and James E. Green.
Charles R. Capdeville, Metairie, for defendants-appellants Key Dodge Sales, Inc. and Firemen's Ins. Co. of Newark, New Jersey.
Before KLEES, WARD and ARMSTRONG, JJ.
KLEES, Judge.
Defendants, Key Dodge Company and its insurer Firemen's Insurance Company of Newark, New Jersey, appeal the judgment granting damages to the plaintiffs, James E. Green and Robert J. Mitchell, for injuries sustained in an automobile-streetcar collision. The issue presented on appeal is whether the trial judge committed manifest error in finding that the plaintiff proved that a legal relationship existed between the driver of the vehicle and the owner of the vehicle allowing the imputation of the driver's negligence to the owner and its insurer.
On April 11, 1980, plaintiff James Green was operating Streetcar # 972 on Carrollton Avenue. The other plaintiff, Robert Mitchell, was a passenger on the streetcar at the time the accident occurred. The streetcar was progressing towards Willow Street when a 1980 Dodge Omni driven by defendant Debra Wall ran into the left side of the streetcar. Upon impact, Green, the streetcar driver, was knocked out of the operator's seat, injuring his lower back. Plaintiff, Mitchell, who was standing near the left side door, was thrown from the left side of the streetcar to the opposite side and fell to the floor between the farebox and the front door. Mitchell testified that the streetcar had the right of way as defendant Wall was on an unfavored street with a stop sign.
Both plaintiffs testified that after the accident they received information concerning the vehicle and the owner of the vehicle from the driver, defendant Wall. They testified that the owner of the vehicle was Key Dodge, and the license number, which was a temporary tag (known as a T-tag), was T-529830.
At trial, the plaintiffs produced Tressie Deville as a witness. Ms. Deville was the office manager at Key Dodge at the time of the accident. She testified as to the normal procedures in giving out T-tags, and identified the temporary tag T-529830 as one purchased by Key Dodge from the State of Louisiana. Normally, the switchboard operator held the T-tag books, and gave the T-tag book to whichever salesman sold the vehicle to make out a temporary tag. The only other time T-tags were used was when the owner or general manager released vehicles to be used as demonstrators. *819 The normal procedure was to note in the T-tag book to whom the tag was given and for which vehicle. However, in regards to the T-tag T-529830, there were no notations. The receipt for the T-tag in question was blank.
Ownership of the vehicle, a 1980 Dodge Omni, was established by the testimony of Ms. Deville who stated that the serial number of the Dodge Omni involved in the accident coincided with the serial number of a Dodge Omni included in Key Dodge's inventory at the time of the accident. Further, Ms. Deville testified that there was a file on Debra Wall in the "sold vehicles" records, but the folder was empty except for a "buyer order."
The negligence suit which resulted from the injuries sustained by plaintiffs Green and Mitchell was tried before Judge George C. Connolly, Jr. on November 28, 1984. Named defendants were Debra Wall, driver of the vehicle; Key Dodge Company, owner of the vehicle; and Firemen's Insurance, insurer of Key Dodge. Also named as a defendant was Terry Parker, who was alleged to have been the owner of the vehicle in question. Wall and Parker could not be located, and as a result, were not served. Thus, they correctly were not considered as parties to the litigation. On November 29, 1984, judgment was granted awarding plaintiff James E. Green $2,140.00 ($240.00 for medical expenses and $1,900.00 for pain and suffering), and plaintiff Robert J. Mitchell $3,110.80 ($309.00 for medical expenses, $601.80 for lost wages, and $2,200.00 for pain and suffering).
On appeal, defendants Key Dodge and Firemen's Insurance, contend that the trial court manifestly erred in imputing the negligence of Debra Wall, the driver of the vehicle, to Key Dodge, the owner of the vehicle. The manifest error standard is utilized by appellate courts in reviewing the facts in civil proceedings. The factual findings of a trial court may be reversed only if the record establishes that the findings are clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
In this case, there is no evidence which supports the finding of a legal relationship between the driver of the vehicle and the owner of the vehicle. This court previously has recognized that the owner of a vehicle is not liable for damages caused by some other person driving his vehicle unless the negligence of the driver is imputable to the owner. Williams v. Sharlow, 388 So.2d 809, 810 (La.App. 4th Cir.1980).
Under Louisiana jurisprudence, imputation of negligence of one person to another is allowed only when there "exists between them some relation of master or superior and servant or subordinate or other relation akin thereto. The relation between them must be one invoking the principles of agency, or the persons must be co-operating in a common or joint enterprise, or the relation between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person actually negligent." Umbehagen v. Liberty Mutual Ins. Co., 348 So.2d 122, 124 (La.App. 4th Cir.1977), writ denied 350 So.2d 1209 (1977) quoting, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, 152 (La.1963).
The evidence presented at trial does not establish that the driver and owner were involved in a joint or common enterprise. The only relationship between the two parties supportable by the evidence presented is that of a dealer and prospective purchaser. We adopt the view of our brothers on the Second Circuit that an agency relationship is not established between an automobile dealer and a prospective purchaser by reason of the dealer allowing the prospective purchaser to test drive a vehicle. Miller v. Universal Underwriters Insurance Co., 308 So.2d 842 (La.App. 2nd Cir.1975), Graham v. American Employers Ins. Co. of Boston, Mass., 171 So. 471 (La.App. 2nd Cir.1937). Control of the agent by the principal is the essential element in an agency relationship. In the present case, it is evident that there *820 was no control exercised by Key Dodge over Ms. Wall, either through its officers or employees. There was no evidence at trial that an employee of Key Dodge was in the vehicle driven by Ms. Wall when the accident occurred. Nor was there any evidence that Ms. Wall was a servant of Key Dodge. Accordingly, we reverse the trial court's finding of negligence on the parts of Key Dodge and Firemen's Insurance Company.
The appellees, in their brief, urge this court to remand the case to the trial court to allow for the introduction into evidence of the insurance policy, issued by Firemen's Insurance Co. to Key Dodge, in effect at the time of the accident. Appellees contend that the negligent driver of the vehicle, Ms. Wall, may be considered an insured under the policy. C.C.P. art. 2164 grants the court the power to remand a case in the interest of justice. Bearden v. Bearden, 393 So.2d 859 (La.App. 2nd Cir. 1981). Further, cases have been remanded to allow the introduction of new evidence to prevent a miscarriage of justice. Jackson v. Wal-Mart Properties, Inc., 443 So.2d 3, 4 (La.App. 3rd Cir.1983).
In their supplemental and amended petition, plaintiffs Green and Mitchell alleged that Firemen's Insurance Company of Newark, New Jersey was the liability insurer of the vehicle owned by Key Dodge, at the time of the accident.
Defendants, Key Dodge and Firemen's Insurance Company, admitted in their answer the existence of such a policy, and stated that "the said policy is the best evidence of its terms, exclusions, coverages and limitations of liability." Further, the record is completely absent of any reference to this insurance policy.
In the present case, while the defendants were not found negligent, they may be liable to the plaintiffs if the insurance policy provides for coverage in situations identical to the one in this case.
This court has previously granted a remand where the plaintiff alleged the fact that the defendant, the owner of a motor vehicle involved in an accident, had in full force and effect a policy of liability insurance covering said vehicle and defendants admitted the existence of the said policy, but at trial no policy was introduced into evidence, nor was any reference made to the policy. Carriere v. Triangle Auto Service, 340 So.2d 665 (La.App. 4th Cir.1976), Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir.1979).
Accordingly, in the interests of justice, this case is remanded to the trial court solely for the introduction into evidence of the said insurance policy to determine whether the driver of the vehicle is covered under the policy.
REVERSED AND REMANDED.