694 So.2d 1012 (1997)
Charles & Cathy AUPIED
v.
Samer JOUDEH, National Car Rental System, Inc. and Allstate Insurance Company.
No. 96-CA-202.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*1013 Norman P. Foret, McBride, Foret, Rozas & Leonard, Lafayette, for Plaintiffs-Appellants Charles and Cathy Aupied.
Carl R. Danna, New Orleans, for Defendant-Appellant Allstate Insurance Company.
Alan J. Yacoubian, Rene S. Paysse, Jr., New Orleans, for Defendant-Appellee Louisiana Insurance Guaranty Association.
Timothy G. Schafer, Schafer & Schafer, New Orleans, for Defendants-Appellees National Car Rental System, Inc., General Electric Capital Auto Lease, Inc. and Lexington Insurance Company.
Before CANNELLA and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
RICHARD J. GARVEY, Judge Pro Tem.
This is an appeal of a trial court decision granting summary judgment in favor of several defendants and dismissing them from the lawsuit. For the following reasons, we affirm.
On February 6, 1991, plaintiff/appellant, Cathy Aupied, was operating a vehicle when she was struck from the rear by an automobile driven by Samer Joudeh. Joudeh was test driving an automobile owned by General Electric Capitol Auto Lease (G.E.) and on consignment to National Car Rental System (National). National had a policy of letting interested buyers test drive cars and take them to independent mechanics in the hope of perfecting sales. National did not require its employees to accompany prospective buyers and often potential buyers would take the vehicles out alone. Joudeh wished to have an automobile inspected by a mechanic and after producing a driver's license and executing a test drive agreement, he was allowed to take the car for a test drive. The accident occurred while Joudeh was driving to the mechanic.
Plaintiffs, Cathy Aupied and her husband, Charles Aupied, filed suit for damages against Joudeh, National and Allstate Insurance Company (Allstate), the Aupieds' uninsured/underinsured automobile insurer. Subsequently, the Aupieds amended their petition to include G.E. and Joudeh's insurer, Louisiana Insurance Guaranty Association (LIGA),[1] as defendants. Allstate filed a cross-claim against Joudeh, National, and G.E. Allstate later amended the cross-claim to add Lexington Insurance Company (Lexington), which had issued an excess liability policy with G.E. and National as named insureds. *1014 Defendant, Joudeh, also filed a cross-claim against Allstate, National, and Lexington.
The Aupieds filed a motion for partial summary judgment against Lexington on the issue of whether Lexington provided excess liability coverage for defendant Joudeh's negligent acts. Allstate joined in the Aupied's motion for partial summary judgment. National, G.E., and Lexington also filed a motion for summary judgment, arguing the lack of coverage.[2]
After a hearing on the motions, the trial court took the matter under advisement and subsequently rendered judgment. The court found that Joudeh was not an agent of defendant National, denied the Aupieds' and Allstate's motions for partial summary judgement and granted National, G.E. and Lexington's motion. The court also dismissed with prejudice the Aupieds' petition against defendants, National, G.E. and Lexington. It is from this judgment that the Aupieds and Allstate appeal, asserting that coverage was provided for Joudeh's negligent acts under Lexington's excess policy because (1) National and G.E. were named insureds and (2) Joudeh was either an agent of National and/or a subagent of G.E. or Joudeh was on a mission for G.E. and National.
Plaintiffs and Allstate argue that Lexington's liability policy provided excess coverage for any liability incurred by the authorized use of G.E.'s and National's vehicles by its agents. They also contend that the trial court erred in concluding that Joudeh was not an agent of National and/or subagent of G.E. at the time of the accident, and thus, that there was no coverage under the Lexington policy. National, G.E. and Lexington contend that Joudeh was not a servant agent of National and G.E., the status required to impute Joudeh's negligence to them.
The briefs of both the appellants and appellees indicate that there is no dispute as to the facts and as to the primary issue of whether Joudeh's negligence may be imputed to National and G.E. to establish coverage under Lexington's excess liability policy which names National and G.E. as insureds.
In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages which occur while another is operating the vehicle. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (La.1968); Niven v. Boston Old Colony Insurance Company, et al., 94-348 (La.App. 5 Cir. 11/16/94) 646 So.2d 1108, writ denied, 94-3067 (La. 2/9/95), 649 So.2d 422; Mitchell v. Wall, 482 So.2d 817, 819-820 (La.App. 4 Cir.1986).
Imputation of negligence of one person to another is allowed only when there exists between them some relation of master or superior and servant or subordinate or other similar relationship. The relationship between them must be one invoking the principles of agency, or the persons must be co-operating in a common or joint enterprise, or the relationship between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person who was actually negligent. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, 152 (La.1963); Mitchell v. Wall, 482 So.2d at 819; Umbehagen v. Liberty Mutual Ins. Co., 348 So.2d 122, 124 (La.App. 4 Cir.1977), writ denied, 350 So.2d 1209 (La.1977).
Plaintiffs and Allstate rely on the case of Smith v. Howard Crumley & Co., 171 So. 188 (La.App. 2 Cir.1936), in which the court found that an agency relationship existed and negligence was imputed to the dealer/owner when a salesperson, Luhon, permitted a prospective purchaser, Aiken, to drive Luhon's own vehicle for purpose of demonstration. Luhon remained in the vehicle as a passenger. The Court stated that "the dealer is *1015 exposed to liability for the negligence of Aiken, the subagent, and especially ... since the salesman remained in the car beside Aiken, was overseeing the operation, and was in a position to, and in a measure did, direct and control the driver." However, in another Second Circuit case, Graham v. American Employers' Ins. Co. of Boston, Mass., 171 So. 471, 473 (La.App. 2 Cir.1937), decided less than one month after Smith, the same court concluded that the driver and prospective purchaser was not an agent of the dealer/owner. In that case, as in the instant case, the driver was not accompanied by the salesperson or employee of the dealer at the time of the accident. The court stated, "the dealer did not in any manner control or direct her [the driver/prospective purchaser] actions or that of the machine while she was attempting to reach her decision relative to purchasing of the car. It is essential in an agency relationship that the agent be subject to the control of the principal." The court found that there was no agency relationship and that the complete control of the car was relinquished by the dealer when the driver was granted the right to operate it alone.
In a later case, Gaspard v. LeMaire, supra, the Supreme Court addressed the issue of whether the negligence of a driver/son could be imputed to the mother/passenger so as to bar her recovery from a negligent defendant and his insurer. The court stated that it could not agree that "the negligence of the son must be imputed to the mother because the mother was vested with the theoretical right of control of the son's operation of the car ... [and] the negligence of one person cannot be imputed to another person not guilty of personal negligence in the absence of a legal obligation on the part of the latter to respond for the fault of the former." That court further stated, "[i]t is unrealistic to hold, in the present day uses of motor vehicles when heavy traffic is the rule and not the exception, that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator." Gaspard v. LeMaire, 158 So.2d at 153-154.
The Second Circuit reiterated the Supreme Court's holding in Miller v. Universal Underwriters Insurance Co., 308 So.2d 842 (La. App. 2 Cir.1975), where suit was brought against the dealer/owner which lent a vehicle to a prospective buyer. When another person was driving the vehicle at the prospective buyer's request, an accident occurred. The court found that no agent or employee of the owner was in the vehicle and that the owner had no theoretical or actual control over the operation of the vehicle. The court stated that the "mere existence of an agency relationship does not impose vicarious liability on the principal for the physical torts of a nonservant agent" and found that under Louisiana law, there was no vicarious liability on the dealer/owner for the negligence of the driver. Miller, 308 So.2d at 845. That court also distinguished Smith v. Howard Crumley, supra, on the basis that no employee-salesperson was present in the vehicle and noted that "an agency relationship is not established between an automobile dealer and a prospective purchaser by reason of the dealer allowing the prospective purchaser to test drive a vehicle." Miller, 308 So.2d at 844-845.
In Mitchell v. Wall, supra, the Fourth Circuit found that it was evident that there was no control exercised by the dealer/owner over Ms. Wall, the prospective purchaser, either through its officers or employees. There was no evidence at trial that an employee of the dealer/owner was in the vehicle driven by Ms. Wall when the accident occurred. Nor was there any evidence that Ms. Wall was a servant of the dealer/owner. That court reversed the trial court's finding of negligence on the part of the dealer/owner and its insurer. Mitchell v. Wall, 482 So.2d at 819-820.
The Second and Fourth Circuit Courts of Appeal have held that an agency relationship is not established between an automobile dealer and a prospective purchaser solely by reason of the dealer allowing the prospective purchaser to test drive a vehicle. Control of the agent by the principal is the essential element in an agency relationship. See Mitchell v. Wall, supra; Miller v. Universal Underwriters Insurance Co., supra; Graham v. American Employers Ins. Co. of Boston, Mass., supra.
*1016 Also, the determination of whether a party may be held vicariously liable for the torts of another depends on whether the tortfeasor is characterized as a servant. Whetstone v. Dixon, 616 So.2d 764 (La.App. 1 Cir.1993), writs denied, 623 So.2d 1333 (La.1993). A master or employer is liable for the tortious conduct of a servant or employee which is within the scope of authority or employment, but a principal is not liable for the physical torts of a nonservant agent. A servant may possess the qualities of an agent, but all agents do not qualify as servants. The master-servant relationship cannot be equated with the principal-agent relationship. Employer-employee status may be included within the master-servant relation, but principal-agent status cannot unless the agent is also a servant. A servant is not one who does only physical acts. Rather, a servant is a particular kind of agent who has a very close economic relation to, and is subject to very close control by, the principal. A servant is one who is an integral part of the business and must submit to the control of his physical conduct and time. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902, 906 (La. 1968). See also Whetstone v. Dixon, 616 So.2d at 769.
Joudeh was not acting as a servant agent. Joudeh had no close economic relationship to National and/or G.E. He did not receive payment for his services; nor was he an integral part of the business. The mere facts that Joudeh was a prospective purchaser, executed a test drive agreement with certain conditions, and was allowed to test drive the vehicle does not establish a right by National and/or G.E. to control Joudeh's time and physical activities. See Smith v. Howard Crumley, supra and Mitchell v. Wall, supra. The agreement by Joudeh to the conditions regarding his use of the vehicle did not create a relationship in which Joudeh was subject to National's control. See Whetstone v. Dixon, supra. Thus, there is no basis for finding National and G.E. vicariously liable for Joudeh's negligent acts.
Accordingly, the judgment of the district court granting National, G.E. and Lexington's motion for summary judgment and denying the Aupieds' and Allstate's motion for summary judgment is correct. For the foregoing reasons, we affirm the dismissal with prejudice of National, G.E. and Lexington. Costs of this appeal are assessed against plaintiffs and Allstate.
AFFIRMED.
NOTES
[1] LIGA is the statutory successor in interest to Colonial Lloyds Insurance Company, Joudeh's automobile liability insurer.
[2] In accordance with the provisions of its test drive agreement, National provided coverage for Joudeh up to the limits required by Louisiana's Motor Vehicle Safety Responsibility Law. During this litigation, National tendered to plaintiffs a check for the amount of those limits plus interest.